FREDERIC DE BARY *et al. against* D. A. STANLEY.

A party to an action, on his examination before trial as a witness on behalf of the adverse party, under §§ 390 and 391 of the Code of Procedure, cannot be compelled to produce his books and papers for inspection.

The mode of obtaining an inspection of the books and papers of an adverse party is provided for by 2 R. S. 199, § 21, and Rules 18, 19, 20, 22 of the Supreme Court, and the mode of obtaining an inspection and copy of a particular paper is provided for by § 388 of the Code of Procedure.

APPEAL from an order made at special term.

The plaintiffs, in an action for the infringement of a trade mark, and for an accounting for the damage to plaintiffs, obtained an order from a judge of this court for the examination of the defendant D. A. Stanley before trial, as a witness on the part of the plaintiffs, under § 391 of the Code of Procedure. Upon this order a *subpœna duces tecum* in the ordinary form was issued commanding the defendant to appear before one of the justices of this court for examination, and to produce there certain books of account. The defendant Stanley appeared by counsel, and objected to the right of the plaintiffs to compel the production of his books and papers by such process. The judge at special term, on the authority of *Bonesteel* v. *Lynde* (8 How. Pr. 226), and *People* v. *Dyckman* (24 How. Pr. 222), overruled the objection and ordered him to produce his books.

From that order this appeal was taken.

*Wm. H. Arnoux*, for appellant, cited *Hauseman* v. *Sterling* (61 Barb. 347), and *Woods* v. *De Figaniere* (16 Abb. Pr. 1).

*W. L. Flagg*, for respondents.

*Per Curiam.**—The mode of obtaining an inspection of

---

* Present—DALY, Ch. J., and J. F. DALY, J.

an adversary's books and papers is pointed out by the Revised Statutes (R. S. part 3, ch. 1, tit. 3), and the rules of the Supreme Court (Rules 18, 19, 20, 22).

The mode of obtaining an inspection and copy of a particular paper is pointed out by sec. 388 of the Code of Procedure. The examination of a party before trial under sections 390 and 391 of the Code and Rule 21 is wholly distinct from the foregoing remedies, and does not include any more than it supersedes them. The case of *Bonesteel* v. *Lynde* (8 How. Pr. 226), does not sustain the order, for that was a *subpœna duces tecum* served upon a party upon the trial.

In the case of *People* v. *Dyckman* (24 How. Pr. 222), the point was not directly involved, and the case was subsequently overruled. The better authority is contained in *Hauseman* v. *Sterling* (61 Barb. 347), and *Woods* v. *De Figaniere* (16 Abb. Pr. 1).

Order reversed.