Lawrence, J.
I cannot but regard this as an application to compel a party to the action to produce his books and papers while under examination as a witness before trial. The weight of authority is against such an application (Havemeyer v. Ingersoll, 12 Abb. Pr. N. S. 301; Hausman v. Sterling, 61 Barb. 347). “ The statute has pointed out the only mode by which a discovery of books and papers can be obtained before trial” (per Ingraham, P. J., in Hausman v. Sterling, supra).* The plaintiff’s course would seem to be to move for a discovery and inspection under *127 sections 803, 804, and 805, et seq., of the Code of Civil Procedure.
Application is denied.

 The common pleas followed the same rule under the former Code. De Bary v. Stanley, 5 Daly, 412. The N. y. superior court allow the supoena. Smith v. MacDonald, 1 Abb. New Cas. 350, and cases cited. The court have power in their discretion to allow it. Code of Civ Pro. section 7, subd. 1, section 852.