## BENJAMIN F. SHERMAN, Respondent, v. THE BEACON CONSTRUCTION COMPANY (Limited), Appellant.

*Examination of a party before trial, to enable the plaintiff to amend his complaint — it will not be ordered unless the party be first applied to, to furnish the information voluntarily.*

By an affidavit, made in proceedings to obtain the examination of one Addicks in order to enable the plaintiff to obtain facts necessary for use in the preparation of his complaint, it appeared that the action was brought to enforce an agreement alleged to have been made by the defendant to pay the plaintiff, as compensation for his services, a percentage of ten per cent upon the profits of certain contracts made by the defendant; that judgment was sought for the payment of such amount; that no complaint had been served; that the agreement was not denied by the defendant; that the said Addicks was chairman of the defendant and familiar with all its transactions; that he resided in the city of Boston, but came from time to time to New York city on business of the company, which had at the time, or until recently, an office in said city; that the testimony of said Addicks was material and necessary to enable plaintiff to prepare his complaint, as he had no knowledge as to what contracts embraced within said agreement had been closed, and what the profits thereof were, etc.

It was objected, that the affidavit did not show that the plaintiff had ever made any application at the office of the company, or to any person connected with it, for the desired information.

*Held,* that the objection was well taken.

That no person should be subjected to a compulsory examination on an application of this kind, unless it appeared that an application had been made to the company for the information desired, followed by a refusal to give it, or that an imperfect response had been made to the application.

That while parties might not be bound to go out of the State for the purpose of applying for such information, yet as it appeared in this case that Addicks occasionally came to the city of New York on business, and as such information might be obtained by a letter properly addressed to the company, the order for the examination of Addicks should not be granted until such efforts to obtain the information had been made.

APPEAL by the defendant, the Beacon Construction Company (Limited), from on order of the Supreme Court, entered in the office of the clerk of the county of New York on the 25th day of July, 1890, denying defendant's motion to vacate and set aside an order of this court, bearing date the 14th day of May, 1890, directing J Edward Addicks to appear before George B Newell, Esq., as referee, and submit to an examination concerning the matters referred to in the affidavit upon which such order was made.

*Cary & Whitridge*, for the appellant.

*George Bliss* for the respondent.

BRADY, J. :

The defendant is a foreign corporation and the person sought to be examined is its chairman. The affidavit upon which the order was made, so far as it relates to the merits of the motion, is as follows : That the action is brought to enforce *an agreement* made by defendant to pay to plaintiff, as compensation for services, a percentage of ten per cent upon the profits of certain contracts made by defendant, and judgment is demanded for the payment of the amount ; that no complaint has yet been served, but that the contract is not, as deponent believes, denied by defendant; that J. Edward Addicks is the chairman of the defendant, and the person familiar with all its transactions and who controls it ; that he resides in the city of Boston, but comes from time to time to the city of New York on business of the company, which has, or had till recently, an office at No. 120 *Broadway*, New York city ; that the testimony of said Addicks is material and necessary for deponent to enable the complaint to be prepared, inasmuch as deponent has no knowledge as to what contracts embraced in said agreement with him have been closed, and what the *profits* are, though he has been informed by officers of defendant that *some contracts* have been closed and *large profits* have been earned, and that he cannot obtain such information except from the examination of some officer of defendant, as the books *are not within this State ;* that no officer of defendant resides in the State, and that, with the exception of said Addicks, no officer of defendant who is in a position to furnish the necessary information comes habitually, or is likely to be within

this State, but that said Addicks possesses and can furnish the necessary information.

Several objections were taken to the sufficiency of this affidavit which are set out *seriatim*, but, nevertheless, as these motions are *sui generis*, and each must, therefore, be determined on its own merits, it will not be necessary to refer to the numerous authorities bearing upon the question of the sufficiency of an affidavit made for the purpose of obtaining an order for the examination of a party before trial and for the purpose of framing a complaint. The affidavit recited is subject to the criticism of indefiniteness, but, nevertheless, it is quite as comprehensive as that presented for the consideration of the court in *Glenney* v. *Stedwell* (64 N. Y., 120). Indeed, it so closely resembles it that it may be said to be based upon its form and substance. But the objection taken here, and which was not presented in the case just referred to (and could not well be, as the defendant was not a company), is that the affidavit fails to show that the examination of Addicks is necessary to enable the plaintiff to prepare his complaint; and it is founded upon the proposition that there is no evidence that the plaintiff has ever made any application at the office of the company, or to any person connected with it, for the desired information. It is not contended, on the part of the respondent, that it is not necessary to show, on such an application as this, that the examination of the person sought is necessary to enable the plaintiff to prepare a complaint.

It cannot be said either, as has been said in some cases, that the affidavit does not specify a single fact or circumstance showing the necessity for the examination of Mr. Addicks to prepare the complaint, inasmuch as it alleges, as we have seen, that the right of the plaintiff to recover, and the extent of the recovery, depend upon the closing of certain contracts, in which, by the agreement, he had an interest, and as to which he has no information, except that the contracts, or some of them, have been closed. His case is, substantially and briefly stated, that he made a contract with the defendant by which it was agreed, for services rendered, to pay him a percentage upon the profits of certain other contracts made by the defendant, some of which have been closed, but which of them he is not able to state, and that Mr. Addicks, being familiar with

all the transactions of the defendant, and controlling them, his examination is material and necessary to enable the plaintiff to get the information desired.

The point seems to be well taken, however, that no person should be subjected to a compulsory examination in an application such as this, unless it appear that an application was made to the company for the information desired, followed by a refusal to give it, or that there was an imperfect response made to the application.

It is true it has been held that, under circumstances such as those disclosed by the affidavit, parties are not bound to go out of the State for the purpose of getting information, but that will not be necessary in this case, because the affidavit shows that Mr. Addicks, who, as we have seen, is chairman of the defendant and occasionally comes to New York on business, has an office here which is, or recently was, at 120 Broadway; beside which it could be obtained by letter properly addressed to the company, or refused. In the absence of this ceremony it seems to be incorrectly asserted that the examination of the person is material and necessary for the purpose of framing the complaint.

The learned counsel for the respondent has taken the point that this is not an appealable order, and rests that proposition upon certain cases; but they do not relate to such an application as this, and are not, therefore, applicable.

The appellant may be said to be aggrieved by any order which affects its standing in court in any way, although it involves only the development of such information as may be possessed by one of its officers.

For these reasons the order appealed from should be reversed, with costs, and without prejudice to the right of the plaintiff to renew this proceeding after application made for the information desired.

VAN BRUNT, P. J., concurred; DANIELS, J., concurred in the result.

Order reversed, with costs, but without prejudice to plaintiff to renew proceeding after application made for the information desired.