WAHED EL TAZI *v.* STEIN *et al.*

(*Supreme Court, General Term, First Department.* January 16, 1891.)

DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL—PRODUCTION OF BOOKS AND PAPERS.

The provision of Code Civil Proc. N. Y. § 870, for the examination before trial of a party to an action, at the instance of an adverse party, does not authorize an order directing the production, on such examination, of books of account and papers of the party, as other proceedings to compel such production are specially prescribed by the Code and the rules of practice.

Appeal from special term, New York county.

Action by Abdel Wahed El Tazi against Abraham Stein and Samuel T. Preston. Defendant Stein appeals from an order denying his motion to vacate an order previously made for his examination before trial, upon the ground that the sole object of such order was to obtain the production and examination of defendants' books of account. Code Civil Proc. N. Y. § 870, provides: "The deposition of a party to an action pending in a court of record * * * may be taken at his own instance, or at the instance of an adverse party, or of a co-plaintiff or co-defendant, at any time before the trial." Section 867 provides for the production of books of account in the hands of an opposite party by *subpœna duces tecum.* Section 803 provides for the production, taking of copies, or inspection of documents in the hands of an opposite party, by compulsory process against such party, upon application to a court of record. Rules 14, 15, and 16 of the supreme court are merely auxiliary to section 803 of the Code of Civil Procedure, *supra.*

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Smith & Dougherty,* (*J. Hampden Dougherty,* of counsel,) for appellant. *Fettritch, Silkman & Seybel,* (*Theo. H. Silkman,* of counsel,) for respondent.

DANIELS, J. It is reasonably clear from the affidavits that the chief object for requiring the examination of the defendant, as a witness before the trial, is to oblige him to produce the books and correspondence of the defendants. It has been intimated in some cases that this proceeding may be authorized under the provisions of the Code of Civil Procedure for the examination of a party at the instance of his adversary, before the trial. *People* v. *Dyckman,* 24 How. Pr. 222; *McGuffin* v. *Dinsmore,* 4 Abb. N. C. 241. But, as the Code and the rules of practice have specially prescribed other proceedings for the attainment of that end, these decisions were not made upon that degree of con-

sideration which entitle them to be followed as authority.   More especially, also, for the reason that the general terms of this court, and of the court of common pleas, have decided directly the other way, and in conformity to the prescribed practice.  *De Bary* v. *Stanley,* 5 Daly, 412; *Hauseman* v. *Sterling*, 61 Barb. 347.   So far as the application rests on the fact of the anticipated absence of the defendant when the trial shall be had, it is fully met by his affidavit stating that he will not be absent, but will be personally present at the trial.   In addition to that, the affidavits are not so substantial in their statements as to support the order which has been made.   The order should be reversed, with $10 costs and the disbursements, and the order for the examination should be vacated.   All concur.