McAdam, J.
The necessity for the examination of the defendant’s treasurer as a witness before trial is that *371 the fact sought to be proved, i.e., whether Evans, who made the contract on behalf of the defendant, had authority to make it, is peculiarly within the knowledge of the defendant (24 State Rep. 1005). The plaintiff need not allege that there are no other witnesses by whom the fact may be proved (56 N. Y. Super. Ct. R. 600). The plaintiff has made out a fair case for the examination required (12 Daly, 397 ; De Witt v. McDonald, 1 Civ. Pro. R. 86; 109 N. Y. 81, 82). The examination must pi'oceed on September 14, at 12 M. The defendant’s treasurer need not produce the books or papers i-eferred to in the order (Levey v. N. Y. Central, etc. R. R. Co., 53 N. Y. Superior Ct. R. 267), except as decided in Black v. Curry (1 Civ. Pro. R. 193). There is a conflict in the authorities, but the cases cited seem to be in keeping with the present understanding of the practice. No costs.
Note ok Production of Documents during Examination of Witness.
On application for an examination of a witness before trial, Code Civ. Pro. § 872 subd. 7, provides : “ If the party sought to be examined is a corporation, the affidavit shall state the name of the officer or directors thereof, or any of them whose testimony is necessary and material, or the books and papers as to the contents of which an examination or inspection is desired, and the order to be made in respect thereto shall direct the examination of such persons and the production of such books and papers.”
In Levey v. N. Y. Central R. R. Co. 53 N. Y. Super. Ct. 263, 267, upon affirming an order vacating an "order for the examination of an officer of a corporation before trial, the court say: “ The learned counsel for the appellant argues that in a case like this where the party sought to be examined is a corporation, the seventh subdivision of § 872 provides for a discovery of papers as well as for an examination of a party as a witness in connection with the papers produced. The purpose and end of sections 872 and those before and after it is to procure a deposition which may be filed, etc. The order to be made is to direct the examination of such persons and *372 the production of such books and papers. There is no language which clearly indicates that the sections provide for the discovery of papers as an independent proceeding, and such a discovery sufficient for all purposes of justice yet shaped to protect the rights of the defendant is specifically provided in sections 805 et seq. The section 872 by its phrases of examination and inspection of the contents of the books and papers and the production, does not intend an alternative to the oral examination of the witness and not connected with the latter, but means something depending or ancillary to oral examination. It must be held that the section contemplated not an independent discovery, but an oral examination of a witness which will involve the necessity of producing a paper as to which or the contents of which he can give evidence.”
The opinion in Black v. Curry is as follows ;
McAdam, J.—The court cannot compel a discovery of books and papers on the examination of a party before trial (Martin v. Spofford, 3 Abb. N. C. 125 ; De Barry v. Stanley, 5 Daly 412 ; Hauseman v. Sterling, 61 Barb. 347) ; but if upon the examination of a party it appears that he cannot testify to the facts inquired about without refreshing his memory from books and papers in his possession or under his control, the court may, by subpoena duces tecum, compel him to produce such documents on a day to be named, then to be used, not as papers presented for inspection, as upon an order for the discovery thereof, but in aid of the memory of the witness, to the end that his testimony may be taken before the trial, as fully as he might be required to give it on the trial itself. This is evidently what the codifiers intended ; and full effect cannot be given to the various provisions of the Code regulating the examination of an adverse party before trial by any other mode of construction (Code Civ. Pro. §§ 852, 867). It is an elementary rule that, where a power is given, everything essential to the complete and successful execution of the power goes with it. The parties must conform to the practice above declared.
Smith v. McDonald, 1 Abb. N. C. 350. A party examined before trial may be required by subpoena duces tecum to produce books and papers, but they will be used upon the examination in the same way only as if produced on his examination as a witness at the trial.
Ahlymeyer v. Healy, 12 State Rep. 677, Com. Pl. Gen. T. Although a party who swears on his examination before trial that he cannot answer a question without examining his books of *373 account may be required to produce the books, yet where .the inspection of the books by the party while examining the witness would not be satisfactory, the court may in its discretion make an order for discovery and inspection of the books.
Fenton v. Dempsey, 10 State Rep. 733, Motion to punish for contempt because of the disobedience of an officer of a corporation in not producing books directed in an order for an examination before trial. It was admitted that the witness could not testify without the books.—Held, the books must be produced, not necessarily for inspection, but in order that the witness by reference to them may testify as the order directs.
Pond v. Solomon, 2 City Ct. 300. In supplementary proceedings a witness subpoenaed by duces tecum may be relieved by the court from producing unnecessary books. The court say, “ Banks and merchants (particularly if strangers to the litigation) should not be required to bring into court all their books at the instance of of any judgment creditor who is willing to pay fifty cents for the liberty of inspecting them. The court or referee and not the creditor is to be the judge of the propriety of exercising this extraordinary and economical power of inspection, which in order to prevent abuse must be limited to the exigence of each particular case,”
McCall v. Moschcowitz, 10 Civ. Pro. R. 107, 129. Upon the trial of an action to dissolve a partnership, the referee refused to compel a witness, a stranger to the action, present under asubpama duces tecum to produce his books and checks, to exhibit them either to the court or the counsel subpoenaing him before they were offered in evidence. held no error. The court say: “ The question therefore reduces itself to this: Has counsel the right to compel the inspection of the private writings of a witness not a party to an action without the declared intention of offering them in good faith in evidence ? Waive the question, has counsel the right to compel a stranger to disclose to him what he knows about the case before he offered him as a witness P We think there would be but one answer, and that in the negative. However desirable such information may be, the law has provided no way of compelling a stranger to make such a disclosure. We fail to see what difference it makes whether this information has been reduced to writing and is in the exclusive possession of a stranger, or exists in his memory only. To compel a stranger to exhibit his private writings to counsel before they are offered in evidence, or at any rate before such counsel has declared his *374 intention to offer such parts as may be material to the controversy in evidence would be fraught with great danger.”
Frothingham v. Broadway etc, R. R. Co. 9 Civ. Pro. R. 304; Super. Ct. Sp. T. The examination of an officer of a corporation before trial is an examination of the corporation within the meaning of Code Civ. Pro. § 872 subd 7, and such officer may be ordered as provided in such provision of the Code to produce the books and papers of the corporation.
The court say by the amendment of the Code introducing the provision above referred to, it “was intended simply to supply a defect in the law as it then existed in reference to the examination of parties before trial by which the officers and directors of defendant corporations might be examined and compelled to produce such books and papers of the corporation as would aid in the giving of their testimony precisely the same as individuals theretofore were compelled to appear and testify.”
Chaffee v. Equitable Reserve Fund Life Ass’n, 56 Super. Ct. 267 ; 2 N. Y. Supp. 481; 18 State Rep. 960. An order for the examination of an officer of a corporation as a witness before trial may require the production of the books of the corporation as an incident to the examination of the witness. Such an order does not, however, entitle the person obtaining it to a discovery or inspection of the books.
Talbot v. Darin & Wright Co., 18 Civ. Pro. R. 304. Upon application for an examination of an officer of a defendant corporation before trial, it appeared that transactions entered in defendant’s books were designated by numbers, and that plaintiff's name did not appear.—Held, as the inspection of the books could be of no assistance without an examination of the officer of defendant, the order might direct the production of the book for plaintiff’s inspection.
State v. Bacon, 41 W. 526; 98 Am. Dec. 616. Prosecution for the illegal sale of intoxicating liquors. The cross-examining counsel has a right to inspect a memorandum used by the witness to refresh his memory on his direct examination.
[Note containing collection of authorities on same point.]
Tibbetts v. Sternberg, 66 Barb. 201. In an action to recover the value of logs.—Held, error for referee not to compel a witness to allow inspection by counsel of a memorandum from which he had testified. The court say: It is the right of the party to inspect a memorandum used by a witness while testifying, whether he *375 reads its contents or only uses it to refresh his memory. The witness has no right to use a memorandum in either way unless made by himself; and if the witness cannot be compelled to produce it, he might use documents made by the party calling him, of the accuracy of which he knows nothing.
Kouba v. Horacek, 6 N. Y. Sicpp. 250. In an action to set aside a deed, the plaintiff’s husband testified as to a date, and stated that he had put it down in his diary which he had’ only kept for a few days.—Held the circumstances being suspicious, the cross-examining counsel had to inspect the whole book to see if it had not been falsely made up, and it was error to confine his inspection to the single entry as to the date.
First Nat. Bank of DuBois City v. First Nat. Bank of Williamsport, 114 Pa. St. 1. Assumpsit. It is not a valid objection to the deposition of a witness that it refers to a memorandum used to refresh his memory, which was not in evidence. The memorandum need not be produced for inspection by the jury.
Trustees v. Bledsoe, 5 Ind. 133. A witness was allowed to refer in his testimony to certain books used to refresh his memory without producing them, held no error.
[It does not appear that the objection was made by the party calling the witness,]
Arnold v. Chesebrough, 30 Fed. Rep. 145. The exhibition of a paper to a witness on the stand entitles the opposite party to an inspection of the paper, as such party is entitled to be informed of what transpires between his opponent and a witness ; but the mere exhibition of the signature to a paper does not entitle the opposite party to inspect the entire document containing the signature.
Rice v. Rice, 47 N. J. Eq. 559,1890; 19 Atl. Rep. 736. Bill for divorce. Where a paper was shown a witness solely for the purpose of identifying the handwriting, and it nowhere appears that he became acquainted with the contents thereof, the opposing party is not thereby entitled to an inspection of it.
Mitchell’s Case, 12 Abb. Pr. 249. In contempt proceedings, held if the production of a document is called for and the witness declines to produce it on the ground that the reading of it in evidence would be prejudicial to his interests or the interests of a person to whom he stood in confidential relation, respecting the instrument, the witness may be required to submit the document to the inspection of The court.
*376 For the rules as to subpoena duces tecum to obtain books of account, and books and papers of a corporation, see also Code Civ. Pro. §§ 867, 869, and Abb. New Pr. & F. 674 etc. F. 1330-1337.
How far the calling for the production of papers and inspecting them makes them evidence. See authorities cited in counsel’s brief in Carradine v. Hotchkiss, 55 Super. Ct. 190.
Jordan v. Wilkins, 2 Wash. (U.S.) 482. If one party gives notice to another to produce certain papers at the trial he has no right to inspect them unless he will consent that they shall go in evidence.