(8 App. Div. 316)

SAVAGE v. NEELY.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

1. EXAMINATION OF PARTY BEFORE TRIAL—AFFIDAVIT.
An affidavit of the examination before trial of defendant in an action for an accounting as to books sold by defendant under a royalty contract

is sufficient where it states that defendant's testimony is material and necessary; that plaintiff expects to prove the number of books printed, the number sold, to whom sold, the amounts received therefor, the number of books on hand, and the amount of all charges against defendant, and the nature of the same; and that such facts are within the knowledge of defendant, but not within the knowledge of plaintiff; and that the testimony of defendant is taken for the purpose of being read on the trial of the action.

2. SAME—SUBPOENA DUCES TECUM.

Though plaintiff, on an application for the examination of defendant before trial, cannot have a discovery of books and papers, he may have a subpœna duces tecum to compel defendant to bring his books and papers, in order that plaintiff may, on the examination of defendant, prove any entry tending to substantiate his claim.

Appeal from special term, New York county.

Action by Richard Henry Savage against Frank Tennyson Neely for an accounting, and for an adjudication that a certain agreement is null and void. From an order vacating an order for the examination of defendant before trial, and a subpœna duces tecum, plaintiff appeals. Reversed.

Argued before BARRETT, RUMSEY, PATTERSON, and IN-GRAHAM, JJ.

C. Bainbridge Smith, for appellant.

Burnett, Stayton & Hagen, for respondent.

PER CURIAM. The plaintiff is an author and the defendant a publisher. They entered into an agreement whereby the defendant was to publish the plaintiff's works, and to pay the plaintiff a specified royalty upon the books sold. The plaintiff, in his complaint, asks for an account of all the books sold by the defendant under this contract. In such an action, upon proper papers, the right to an examination before trial is almost a matter of course. The plaintiff here states that the defendant's testimony is material and necessary for the prosecution of the action; that he expects to prove by the examination "the number of books printed; the number of books sold, to whom sold, and the amounts received therefor; the number of books on hand, and the number of damaged books returned; and the amount of all charges and claims against the plaintiff, and the nature of the same." He also avers that the facts which he thus expects to prove are "within the knowledge of the defendant, but are not within the knowledge of the plaintiff, and the testimony of the said defendant is taken for the purpose of being read by and on the part of the plaintiff on the trial of this action." This was amply sufficient to entitle the plaintiff to an order for the examination of the defendant before trial. As to the subpœna duces tecum, it is sufficient to say that, while the plaintiff cannot, in this proceeding, have a discovery of books and papers, he may, upon the examination of the defendant, prove any entry or paper tending to substantiate his claim. To effectuate this, a subpœna duces tecum is appropriate. The use which may be made of such books and papers upon the examination is stated in Horst v. D. G. Yuengling Brewing Co., 1 App. Div. 629, 37 N. Y. Supp. 3.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination of the defendant, and the subpœna duces tecum, denied, with $10 costs; and a day will be fixed in the order for the examination.

---

(8 App. Div. 308)

### SICKELS v. CANARY et al.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

MORTGAGES—FORECLOSURE—APPOINTMENT OF RECEIVER.

 An affidavit made by plaintiff's attorney as to the value of the premises, stating that he is informed by plaintiff that it is extremely doubtful whether the premises will sell, subject to the other incumbrances, for enough to pay plaintiff's mortgage, is not sufficient to justify the appointment of a receiver.

Appeal from special term, New York county.

Action by Charles R. Sickels against Thomas Canary and others to foreclose a mortgage. From an order appointing a receiver of the rents of the premises pendente lite, defendants appeal. Reversed.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Joseph C. Rosenbaum, for appellants.
Jonathan C. Ross, for respondent.

