(21 App. Div. 387.)

### JIMINEZ v. WARD.

(Supreme Court, Appellate Division, First Department. October 22, 1897.)

EXAMINATION BEFORE TRIAL.

> Upon a motion to vacate an order for defendant's examination before trial, it appeared that all the allegations of the papers on which the order had been granted, except those relating to the nature of the cause of action and the defenses, were upon information and belief, with no statement of any sources of information or ground of belief, and all the information which it was alleged that the plaintiff sought could have been obtained by a bill of particulars. *Held*, that the order for examination should be vacated.

Appeal from special term.

Action by Adolfo M. Jiminez against Thomas E. Ward, doing business under the firm name of T. E. Ward & Co. From an order denying a motion to vacate an order for defendant's examination before trial, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Franklin Bien, for appellant.

E. S. Hunt, for respondent.

VAN BRUNT, P. J. This action was brought to recover a sum of over $11,000, alleged to have been received by the defendant for the use of the plaintiff. The answer denied the allegations of the complaint, except as to demand, and, as a separate and distinct defense, averred that whatever moneys were paid by the plaintiff to the defendant were paid to the defendant as banker and broker, acting on behalf of the plaintiff, for the purchase and sale of various stocks for him, and that, during the periods mentioned in the complaint, various moneys were paid and stocks delivered to the plaintiff, which moneys

so paid, and stocks so delivered, were received by the plaintiff from the defendant, and accepted by the plaintiff in full settlement of all accounts between them. The defendant, for a further defense, averred that, prior to the commencement of the action, all accounts by and between the plaintiff and the defendant had been fully settled, and all moneys which the plaintiff was entitled to had been fully paid. For a further defense, and as a counterclaim to the plaintiff's cause of action, the defendant averred that at various times between July 5, 1895, and December 4, 1895, the defendant, acting as banker and broker on behalf of the plaintiff, made various purchases and sales on account of the plaintiff, during which transactions the defendant was compelled to, and did, advance moneys to meet orders both for the sale and purchase of stocks, etc., as ordered by the plaintiff; and that on or about December 4, 1895, by reason of these various purchases and sales, the plaintiff became and was indebted to the defendant in the sum of $347.73, no part of which has been paid. The plaintiff, replying to the counterclaim, put in a general denial. An application was then made upon the affidavit of the plaintiff for an order for the examination of the defendant, which was granted. All the averments in the affidavits, except as to the nature of the cause of action, are upon information and belief, and no sources of information or grounds of belief are stated. A motion was made to set aside the order for the examination of the defendant, which was denied, and from the order thereupon entered this appeal is taken.

It is apparent that none of the rules which have been so frequently laid down with respect to the examination of a party before trial were complied with in the affidavit upon which the order was granted. All the information which it is alleged that the plaintiff sought by such examination could have been obtained by a bill of particulars. All the allegations in the affidavits, as before stated, except those relating to the nature of the cause of action and the defenses, are upon information and belief, with no statement whatever of any sources of information or ground of belief. Averments of this description in an affidavit have been too frequently held to be a nullity to need the citation of authorities here. So far as these papers disclose, it would seem that the sole object of the plaintiff in this application is to ascertain whether he has a cause of action or not.

We think the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.