KASTNER v. KASTNER et al.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

PARTNERSHIP—SURVIVING PARTNER—EXAMINATION—RIGHTS OF REPRESENTA-
TIVES.

Where plaintiff's intestate had been a co-partner with defendants, and
plaintiff had no knowledge of the firm except that it existed, she was enti-
tled to an order that defendants submit to a general examination concern-
ing the affairs of the firm, to enable her to frame a complaint; since a
surviving partner takes the legal title to partnership property only for the
purpose of liquidation, and the representatives of a deceased partner have
a lien on the whole assets of the firm subject to the payment of its debts.

Appeal from special term, New York county.

Action by Caroline B. Kastner against Julius Kastner and another.
From an order denying defendants' motion to vacate an order that
defendants submit to an examination in order to enable plaintiff to
frame her complaint, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PAT-
TERSON, and O'BRIEN, JJ.

Jacob W. Kahn, for appellants.
Charles Stein, for respondent.

HATCH, J. The plaintiff is the administratrix of Arthur J. Kast-
ner, deceased. In the papers which furnished the basis for granting
the motion it appeared that the plaintiff's intestate, prior to his death,
was a member of the firm of Julius Kastner & Sons; that plaintiff is
not informed concerning the terms of the co-partnership which exist-
ed between the parties, or with any knowledge in connection there-
with, except the fact that the co-partnership existed; that defendants,
the surviving partners of said firm, refuse her any information as to
the terms and conditions of the articles of co-partnership, or with re-
spect to the interest of the deceased therein. The application, as first
made and granted, authorized a general examination concerning the
affairs of the co-partnership. Upon the motion to vacate this order
was modified by excluding therefrom any inquiry respecting the ac-
counts and assets of the co-partnership. The limitation thus imposed
authorized simply the examination as to the terms and conditions of
the articles of co-partnership, and excluded everything else. It is
clear that the order to this extent was valid, and it is equally clear
that the order as originally granted was in all respects proper, and the
motion to vacate should have been entirely denied. It is the settled
law of this state that the representatives of a deceased partner have
a lien upon the whole assets of the firm subject to the payment of
debts, and, while the surviving partner takes the legal title to the
firm assets, he does not hold as full and absolute owner thereof, but
only takes for the purpose of liquidation, and holds the assets as
trustee for such purpose. Hooley v. Gieve, 9 Daly, 104, affirmed on
appeal, 82 N. Y. 625, on opinions below. If the surviving partner
continues to carry on the partnership business, and uses the assets
of the old firm for that purpose, he commits a breach of trust, and is
liable as for a conversion of the property. Under such circumstances

a court of equity will lay hold of the transaction, and give the appropriate relief. Russell v. McCall, 141 N. Y. 437, 36 N. E. 498. It is clearly evident, therefore, that, as the plaintiff is ignorant of any of the matters connected with the co-partnership either before or since the death of her intestate, she is entitled to have a full and complete examination of the acts and doings of her trustees in connection with the property which they hold in trust, to the end that she may be enabled so to frame her complaint that she may have the relief that the facts warrant. And it may very well be that the surviving partners have been guilty of a misappropriation of the trust funds. If so, an examination which limits the scope of the examination to the terms of the partnership might wholly fail in the development of facts which would show her right to equitable relief based upon any misconduct of the surviving partners in dealing with the firm assets. If such persons have assumed to continue and carry on the business, and have mingled the assets of the old firm with other property, it may be essential that the acts in this respect be developed, so that the scope of the action may embrace the whole subject-matter, to the end that appropriate relief may be given. This matter can only be determined by a comprehensive examination which shall develop all of the facts, as all may be necessary to be known to appropriately frame the pleadings. As, however, the plaintiff has not appealed from the order, she is, upon this appeal, entitled to no measure of relief. To the extent that the order is in her favor, it must stand; and, as this appeal presents no other question, it follows that the order should be affirmed, with $10 costs and disbursements. All concur.