( ⸱ ⸱ ⸱ :-c. Rep. 410.)

### ROSENBAUM v. RICE et al.

(Supreme Court, Special Term, New York County. December, 1901.)

**1.** Corporation—Officers—Examination before Trial—Application—Allegations on Information and Belief.

Where a minority stockholder is suing to prevent an alleged fraudulent scheme to divert corporate assets to a new corporation, the fact that material allegations of the plaintiff's application for the examination of the president and a director before trial are on information and belief is not ground for a denial of such application, where the plaintiff states

the grounds of his belief and the sources of his knowledge, so far as he can, and the knowledge as to which he fails is peculiarly with the parties he seeks to examine.

**2. SAME—GENERAL PRACTICE RULE—CONSTRUCTION.**

Under Gen. Prac. Rule 82, declaring that an affidavit for an examination of a person before trial shall specify the facts and circumstances which show the examination of the person to be material and necessary, it is not incumbent on the plaintiff to state such requirements in the words of the rule, but it is sufficient that the main papers show that the information sought is necessary and material.

**3. SAME—NECESSITY FOR EXAMINATION—SHOWING.**

Where, on an application for examination of parties before trial, it appears that the parties occupied a fiduciary relation, and that the information desired and necessary to establish a cause of action is contained in papers under the control of the defendants, and an examination of such papers at the trial, in order to present a definite and limited issue, would cause unnecessary delay, the necessity of such examination is sufficiently shown.

**4. SAME—BOOKS AND PAPERS—PRODUCTION.**

An order authorizing the examination of a party before trial may properly call for the production of books and papers, not only to be produced for inspection, but also for the refreshment of recollection of witnesses; and under such an order the plaintiff may issue a subpœna duces tecum, though the order does not expressly authorize it.

**5. SAME—CRIMINATING QUESTIONS—QUESTION OF PRIVILEGE.**

An order for the examination of the parties before trial will not be vacated because questions may be asked which may incriminate witnesses, since such questions must be left until the examination, at which time defendant can raise the question of privilege.

**6. SAME—EXAMINATION—SCOPE.**

An objection that an order for the examination of parties before trial is too broad cannot be reviewed, since the judge granting the order has discretion to direct that the examination be general in its scope.

Action by Henry W. Rosenbaum, a minority stockholder of a corporation, to prevent Isaac L. Rice and others, officers and directors, from consummating an alleged fraudulent scheme to divert corporate assets to another corporation, of which they are officers and directors. An order was entered authorizing the examination of the two companies through the president and a director, as well as the other defendants individually, which defendants moved to vacate. Motion denied.

Walter A. Rosenbaum and Delafield, Gould & Longfellow, for plaintiff.

Strong & Cadwalader, for defendant Rice.

Niles & Johnson, for defendant Cons. R. L. & R. Co.

W. L. Marshall, for defendant Cons. R. E. L. & E. Co.

E. J. Crandall, for defendant Abbott.

LEVENTRITT, J. The action is by a minority stockholder of a corporation to prevent the officers and directors from proceeding in the consummation of what he charges to be a fraudulent scheme, by virtue of which it is sought to divert the corporate assets into another corporation, of which they are likewise officers and directors. The essential steps taken to accomplish that end, and which are chronicled in much detail in the lengthy papers submitted on this application, were had among the directors and executive offi-

cers of the old corporation, who had themselves elected to the like positions in the new concern, and by these directors with certain subsidiary companies absorbed into the larger corporation. The president of the company of which the plaintiff is a member, and of the company he seeks to enjoin, is the same individual, and it is claimed that the latter and his associates, the majority of whom are alleged to be under his control, had large interests in a certain patent owned by one of the subsidiary companies, and which the new corporation was formed to acquire. An order to examine the two companies, through the president and a person who is in the directorate of both, as well as to examine these two defendants individually, has been granted, and a motion is now made to vacate the order on a number of grounds.

If the plaintiff can establish, by proof, the allegations of his pleading, he will be clearly entitled to relief. A cause of action is stated, and it is necessary to consider only the technical objections raised. The most serious one urged is that the essential allegations necessary to establish the cause of action are on information and belief, without disclosure of the sources and the grounds. In the first place, it is to be noted that there is a careful attempt on the part of the plaintiff to disclose sources and grounds in each instance, that he succeeds in complying with the rule in the majority of instances, and that where he falls short it is generally because the knowledge is necessarily and peculiarly with those he chooses to examine. Further than this, the grounds of belief are stated, thus distinguishing this case from Jiminez v. Ward, 21 App. Div. 387, 47 N. Y. Supp. 557, and bringing it rather within the authority of Leach v. Haight, 34 App. Div. 524, 54 N. Y. Supp. 550. But on the theory of the correctness of plaintiff's allegations, and the relation that subsisted and subsists between the parties, this is a case where the strict technical rules applicable to examinations before trial are properly relaxed. In Green v. Carey, 81 Hun, 496, 31 N. Y. Supp. 8, it is said that considerable latitude is permitted where the parties stand in a fiduciary relation to one another and the facts are peculiarly within the knowledge of the party subject to the examination. In Carter v. Good, 57 Hun, 116, 10 N. Y. Supp. 647, it is said that the rule is flexible and must be adapted to and controlled by the facts and circumstances of each case, considered with reference to the relations existing between the parties, and that a strictness which would be applied between ordinary suitors would necessarily yield when the relation of trust and confidence existed between the parties. The court sums up its conclusions in the statement: "Persons in a fiduciary character are equitably liable to discovery," at page 117, 57 Hun, and page 647, 10 N. Y. Supp. To a similar effect are Whitman v. Keiley, 58 App. Div. 92, 95, 68 N. Y. Supp. 551; Talbot v. Doran, 16 Daly, 174, 9 N. Y. Supp. 478; Drake v. Weinman, 12 Misc. Rep. 65, 33 N. Y. Supp. 177, and cases there cited. That a fiduciary relationship exists between the plaintiff and the defendants he seeks to examine is settled by many cases. Niles v. Railroad Co., 35 Misc. Rep. 69, 71 N. Y. Supp. 271; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Farmers' Loan & Trust Co.

v. New York & N. R. Co., 150 N. Y. 410, 430, 431, 44 N. E. 1043, 34 L. R. A. 76, 55 Am. St. Rep. 689; Flynn v. Railroad Co., 158 N. Y. 493, 507, 508, 53 N. E. 520; Charles S. Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769; 2 Cook, Stock, Stockh. & Corp. Law (3d Ed.) 945; 2 Bigelow, Frauds, § 645.

The other technical objections raised may be briefly dismissed. The defendants claim that rule 82 has not been complied with, in that the affidavit does not specify the facts and circumstances which show the materiality and necessity of the examination. Considering the nature of the cause of action, and the unsuccessful steps heretofore taken by the plaintiff to obtain the desired information by application to the president and others, as well as all the papers included in the motion, it appears quite sufficient that the information sought is both necessary and material. It is not incumbent on the plaintiff to state these requirements in the words of the rule; it is sufficient if the inference is fairly and clearly deducible from all the papers before the court on the motion to examine.

The papers also show sufficient necessity why the examination should be had before rather than at the trial. Hay v. Zeiger, 50 App. Div. 462, 64 N. Y. Supp. 202; Jenkins v. Putnam, 106 N. Y. 272, 12 N. E. 613. First, the right exists by virtue of the fiduciary relation; secondly, the information desired, which will be necessary to the establishment of the cause of action, is to be deduced from many negotiations, conferences, acts, and contracts, writings and records, under the control and within the knowledge of the defendants, the precise nature of which must be sifted and determined to enable the plaintiff clearly to present his alleged cause of action; thirdly, it would lead to much confusion and delay at the trial if the plaintiff should be remitted to that time to locate the varied information, and which he must piece together, so as to present a definite and limited issue.

A further objection is that the order calls for the production of books and papers in the first instance. But the order does not call for the records for the purpose of allowing an inspection and examination by the plaintiff in the first instance. The order specifically states that the production is not called for with that object in view, but for the purpose of refreshing the recollection of the witnesses and aiding their memory on the oral examination. This is precisely within the recent authority of Duffy v. Gas Co., 59 App. Div. 580, 69 N. Y. Supp. 635.

Nor is any proper reason urged for the quashing of the subpoena duces tecum on the ground that its issuance was not expressly authorized by the order directing the examination. That order directed the production of the books and papers, and if express authority were necessary it could be implied in that direction. But the defendants confuse this application with one for discovery and inspection in which an order has been deemed necessary. Martin v. Spofford, 3 Abb. N. C. 125; Parsons v. Belden, 9 Abb. N. C. 54. It is unnecessary to question these decisions, as this is simply an application before trial, with incidental resort to books and papers.

Smith v. MacDonald, 1 Abb. N. C. 350; Savage v. Neely, 8 App. Div. 316, 40 N. Y. Supp. 946. What the plaintiff would be permitted to do on the trial he may now do under the subpœna duces tecum. Horst v. D. G. Yuengling Brewing Co., 1 App. Div. 629, 37 N. Y. Supp. 3.

The defendants further urge that the order cannot be granted to produce evidence to establish charges of fraud, deceit, and fraudulent conspiracy, and rely on Andrews v. Prince, 31 Hun, 233. But as was said in that case the doctrine rests upon the constitutional provision that no person shall be compelled in any criminal case to be a witness against himself. Criminal charges are not here involved; and in any case most of the testimony sought will not have a tendency to criminate. If the defendants, or either of them, have any questions of privilege to assert, that should be left to the time of the examination. Ryan v. Reagan, 46 App. Div. 590, 62 N. Y. Supp. 39. In this case it was said:

"The question whether the information sought to be elicited by the examination of the defendants might tend to criminate them, by showing that they were guilty of a misdemeanor, is one to be left till the examination takes place."

See, also, Press Pub. Co. v. Star Co., 33 App. Div. 242, 53 N. Y. Supp. 371.

Finally, the order is not too broad. From the nature of the entire proceedings sought to be investigated, the examination must be general and comprehensive in character, and minute specification is impracticable. The power to order a general examination, in the discretion of the judge granting the order, is explicitly recognized in Herbage v. City of Utica, 109 N. Y. 81, 16 N. E. 62, and for a recent affirmance of this view, see Kastner v. Kastner, 53 App. Div. 293, 295, 65 N. Y. Supp. 756.

I therefore overrule all the objections, and direct that the examination shall proceed.

Motion denied, with $10 costs.