(39 Misc. Rep. 244.)

ELMES v. DUKE et al.

(Supreme Court, Special Term, New York County. November, 1902.)

1. DISCOVERY—EXAMINATION OF DEFENDANTS—NECESSITY.

A minority stockholder of a corporation alleged in an affidavit that its directors had control of three similar corporations and a consolidated company embracing all of such corporations; that they had agreed to divert the business of the company to the other corporations, and thereafter to the consolidated company; and that they had withheld from the stockholders the dividends earned, and had made for themselves large profits. *Held* to show facts sufficient, entitling such stockholder to sue for an accounting of the profits, and to enable her to frame a complaint, so that an examination of such directors before issue joined would not be permitted.

2. SAME.

In an action by a minority stockholder against its directors, where the ground of complaint was certain agreements under which the directors were mismanaging the corporation to their own advantage and to the injury of the stockholders, as the exact terms of the agreement need not be alleged, ignorance thereof was no ground for examining the directors before issue joined.

3. SAME—AMOUNT OF DAMAGES.

In an action by a stockholder against directors for damages caused by mismanagement, the extent of the damages is not a proper subject for the examination of the directors before trial.

4. SAME—NECESSITY OF EXAMINATION.

    In order to authorize an examination of directors of a corporation in an action by a stockholder before issue joined, the affidavit must show that the information sought is peculiarly within the knowledge of such directors, and is not accessible to plaintiff in any other manner, and must set forth a demand on such directors for the information.

5. SAME.

    A director of a corporation does not hold such a fiduciary relation to a stockholder thereof as to require him to disclose to her what he has done with the property of the corporation, in an examination before issue joined, in a suit against the directors by the stockholder, where the moving affidavit shows that plaintiff has sufficient information to draw her complaint without such examination.

Action by Susan K. Elmes against James B. Duke and others. Motion to vacate an order for the examination of two of the defendants to enable plaintiff to frame her complaint. Granted.

W. Bourke Cochran, for plaintiff.

Nicoll, Anable & Lindsay, for individual defendants.

W. W. Fuller, for Consolidated Tobacco Co.

Junius Parker, for American Tobacco Co. and American Snuff Co.

Martin S. Watts (De Lancey Nicoll, Samuel B. Clarke, Raymond D. Thurber, W. W. Fuller, and Junius Parker, of counsel), for Continental Tobacco Co. and American Cigar Co.

CLARKE, J. This is a motion to vacate an order for the examination of Duke and Ryan, two of the defendants, for the purpose of enabling the plaintiff to frame her complaint. The circumstances under which the motion is made are the same as in the case of Butler v. Duke, 79 N. Y. Supp. 419; and the moving affidavits contain all the material facts alleged in the moving affidavit in that case, and also add thereto the following statement of the purpose and nature of the action and the judgment demanded herein: The plaintiff is a stockholder in the American Tobacco Company. The individual defendants are the directors of that company, and the corporate defendants are the American Tobacco Company and other corporations of which they are directors. In 1899 the individual defendants organized the Continental Tobacco Company, and some of them became directors therein. In like manner the American Snuff Company and the American Cigar Company were organized by them, and they directed the affairs of all four companies. Purporting to act in the interest of the American Tobacco Company, but in reality acting in opposition thereto and in their own interests, they, as directors of the American Tobacco Company, made with themselves, as directors of the other companies, agreements diverting the business of the American Tobacco Company to the other corporations in which they were interested, and thereby made and retained large profits for themselves. They neglected to declare dividends on the stock of the Continental, the cigar and snuff companies, so as to prevent the payment of profits to the American on its stock in such companies until such time as they should be the sole owners of the American Tobacco Company.

¶ 4. See Discovery, vol. 16, Cent. Dig. §§ 43, 65, 69, 70.

They made false reports to the owners of the stock of the American and the Continental Tobacco Companies. Their conspiracy to defraud the plaintiff and other stockholders of the American Tobacco Company culminated in their acquirement of the greater proportion of its stock through the medium of the Consolidated Tobacco Company. Their organization of this company and the exchange of its bonds for stock of the American Tobacco Company are fully set forth in the statement of the allegations in the moving affidavit in Butler v. Duke. It appears, however, in this case, that the plaintiff did not part with her stock. The affairs of the American Company are alleged in the moving affidavit to have been managed by the defendants in the interest of the Consolidated, and for the personal profit of the individual defendants, by diversion of the assets of the American to the Consolidated; using the American as an instrument for the expansion of the business of the Consolidated, and imposing liabilities and contracts upon the American which were not advantageous to it, but for the benefit of the Consolidated or its subsidiary companies. As soon as the greater portion of the American and Continental stock was acquired by the defendants, they issued statements showing an increase of 100 per cent. in the earnings of the companies, which increase resulted solely from sources which the directors had concealed from the stockholders. The affidavit further alleges:

"The action has been instituted to compel the defendants the Consolidated Tobacco Company and the directors of the American Tobacco Company to account for all profits which they have made by the fraudulent conspiracy herein described, and to pay such profits into the treasury of the said American Tobacco Company, for the benefit of the plaintiff and the other stockholders therein."

She also seeks to set aside all the agreements made with the Consolidated Tobacco Company and its subsidiary companies in hostility to the interest of the American Tobacco Company. In this affidavit the nature of the action and the substance of the judgment demanded are stated, and it appears on the face of the papers that the plaintiff is entitled to some relief. The action is brought by a minority stockholder to compel an accounting by the directors to the corporation. It is held that:

"Where the corporation is exclusively under the control of the trustees and officers whose acts and management are questioned, a demand that the corporation bring the action would be idle and fruitless, and in such cases equity permits the stockholder to bring the action in his own name." Sage v. Culver, 147 N. Y. 241, 41 N. E. 513, citing Brinckerhoff v. Bostwick, 88 N. Y. 52; Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827; Leslie v. Lorillard, 110 N. Y. 519, 18 N. E. 363, 1 L. R. A. 456.

So, also, Flynn v. Railroad Co., 158 N. Y. 493, 53 N. E. 520; Niles v. Railroad Co., 69 App. Div. 144, 74 N. Y. Supp. 617.

But the order for the examination must be vacated because the plaintiff fails to show that the examination is material and necessary, as required by section 872, subd. 4, of the Code of Civil Procedure, and rule 82 of the general rules of practice. Although the plaintiff's theory of action differs in this case from Butler v. Duke, it is equally clear here that she has sufficient knowledge of all the facts which need be alleged in her complaint. The court of appeals, in Sage v. Culver,

147 N. Y. 241, 41 N. E. 513, held that a complaint in an action for an accounting brought by a stockholder was not demurrable where it appeared, in substance, that the officers and trustees of the defendant corporation took from themselves, as trustees and officers of another corporation, a lease at an exorbitant rent, which arrangement had the effect of unlawfully depleting the funds of the corporation, and injuring the plaintiffs as stockholders. It was also held in that case that a complaint was not demurrable where it averred, in substance, that the defendants, as officers and trustees of the defendant corporation, have taken from its treasury large sums of money, and paid the same to themselves as individuals, on account of alleged loans made by them to the corporation; concealing the origin and nature of the debt from the plaintiffs and making false statements in regard to the same. Judge O'Brien said:

"When it can fully be gathered from all the allegations of a complaint that the officers and directors of a corporation have made use of relations of trust and confidence in order to secure or promote selfish interest, enough is then averred to set a court of equity in motion, and to require an answer from the defendants in regard to the facts."

In Hutchinson v. Simpson, 73 App. Div. 520, 77 N. Y. Supp. 197, —a recent case, in many respects similar to this,—Mr. Justice Laughlin said:

"They [the plaintiffs] are in a position, therefore, to frame a complaint in equity for an accounting. They are not required to allege with definiteness or certainty what the accounting will show. So far as the requirements of the Code and practice in that regard are concerned, it will be sufficient to allege that the appellants have received to their own use and benefit some of the stock which it was their duty to return to the corporation. The rule still obtains that an examination may not be had before issue joined, unless it be satisfactorily shown that it is necessary to enable the plaintiff to frame his complaint. St. John v. Buckley, 39 App. Div. 629, 56 N. Y. Supp. 635; Merritt v. Williamson, 27 App. Div. 121, 50 N. Y. Supp. 113; Clark v. Ennis, 65 App. Div. 164, 72 N. Y. Supp. 581; Kessler v. Levy & Levis Co., 7 App. Div. 142, 40 N. Y. Supp. 271; Bloodgood v. Slayback, 54 App. Div. 634, 66 N. Y. Supp. 610."

The moving affidavit alleges three reasons to show the necessity of an examination of some of the defendants to enable the plaintiff to frame a complaint in this action: (1) The plaintiff is ignorant of the exact terms of the agreements and arrangements under which the directors have managed the affairs of the American Tobacco Company in conjunction with those of the Continental, the American Snuff, and the American Cigar Companies, and the terms of the agreement under which the Consolidated Tobacco Company was organized by Duke and his associates; (2) the plaintiff has no knowledge whether or not property of the American Tobacco Company has been diverted into the hands of persons other than those mentioned, and the extent to which it has been diverted into the hands of the other defendants; (3) the plaintiff is ignorant of the real gross and net earnings, and the amounts charged to expense, of the several defendant companies, the exact condition of the American Tobacco Company, and the precise extent of the excess of the earnings of said company over the dividends paid. None of these reasons are sufficient. The information sought is not material and necessary to a complete state-

ment of plaintiff's cause of action. The exact terms of the agreements need not be alleged in the complaint. The moving affidavit alleges the purport of them, and the results thereby caused. The second and third reasons relate solely to the measure of damages. The extent of the damage is not properly the subject of an examination to enable the plaintiff to frame a complaint. Mr. Justice Laughlin, in Hutchinson v. Simpson, at page 523, 73 App. Div., and page 199, 77 N. Y. Supp. said:

"Moreover, the information which the respondents seek to obtain by the examination does not relate to any of the material facts required to be alleged in their complaint. It relates to the question of damages only, which would be determined on an accounting."

The affidavit is also defective because it does not appear that the information desired is peculiarly within the knowledge of the defendants whose examination is sought, and not accessible to the plaintiff. Pots v. Herman, 7 Misc. Rep. 4, 27 N. Y. Supp. 330; De Lacy v. Walcott (Super. N. Y.) 13 N. Y. Supp. 800. In Hutchinson v. Lawrence, 29 Hun, 450, where an examination was ordered, the court said:

"The certainty in the allegations which would be required to be made for the purpose of sustaining the action, if that can be done at all, can, under the circumstances, be obtained in no other manner."

The plaintiff has not even demanded the information which she seeks of these defendants. In the correspondence set out in the moving papers, her attorney made certain requests in the interests of stockholders; but, as he did not disclose their names, the defendants were not under obligation to reply, and the situation presented by the moving papers is the same as if no demand had been made. The situation is the same as in Nathan v. Whitehill, 67 Hun, 398, 22 N. Y. Supp. 63, in which Van Brunt, P. J., says:

"It further appears that the company in which the plaintiff was a stockholder kept books of account, which are within the reach of the plaintiff; and it does not appear that the plaintiff has made any attempt whatever to procure an inspection of these books, or that access to them has been denied. Therefore, when the plaintiff states that he is unable to procure the information in regard to the transactions of the company in any other way than by this examination, it does not appear that he has exhausted the ordinary avenues of information; and it seems to us that, until this has been done, the plaintiff is not entitled to the extraordinary relief demanded in proceedings of this nature."

Sherman v. Construction Co., 58 Hun, 143, 11 N. Y. Supp. 369.

The plaintiff contends that, as the defendants are directors of the corporation in which she is a stockholder, the technical rules which govern the granting of orders for the examination of parties should be relaxed; it being the duty of a director defendant in such case to make a full disclosure of what he has done. Rosenbaum v. Rice, 36 Misc. Rep. 410, 73 N. Y. Supp. 714, is cited in support of this contention. A rule which was there relaxed is that the order for the examination of a party will be vacated where it appears that the allegations in the moving affidavit necessary to establish the cause of action are upon information and belief, without disclosure of the sources of the information and grounds of belief. Jiminez v. Ward, 21 App. Div. 387, 47 N. Y. Supp. 557. It has not been considered

necessary on this motion to insist upon this rule, and the allega-
tions are held not only sufficient to show a cause of action, but also
to disclose that plaintiff has all the information requisite to draw a
complaint. In Rosenbaum v. Rice the plaintiff had applied to the
president and others, without success, for information which he needed
to prove his cause. The case is clearly distinguished by the fact that
the examination there sought was, after issue joined, to enable the
plaintiff to prepare for trial. In such case the pleadings are before
the court, disclosing more fully the merits of the controversy. To
meet the issues the plaintiff may need to examine and sift many pa-
pers, and inquire into many negotiations, to deduce the proof requisite
to a clear presentation at the trial, and such examination would
greatly confuse and delay the trial if done in open court. For these
reasons, greater latitude is permissible in issuing the order for ex-
amination in preparation for trial than where the examination is
sought to enable the plaintiff to frame his complaint, which may be
stated to be alleged on information and belief. Clark v. Ennis, 65
App. Div. 164, 72 N. Y. Supp. 581. So, also, in Carter v. Good, 57
Hun, 116, 10 N. Y. Supp. 647; Talbot v. Doran & Wright Co., 16
Daly, 174, 9 N. Y. Supp. 478; Miller v. Kent, 59 How. Prac. 321;
Whitman v. Keiley, 58 App. Div. 92, 68 N. Y. Supp. 551,—the ex-
amination permitted was after issue joined and in preparation for trial.
Those cases are further distinguished by the fact that they were cases
of agency. The duty of an agent to disclose to his principal all the
transactions in regard to the property intrusted to his care is ob-
vious. In Whitman v. Keiley, 58 App. Div. 92, 68 N. Y. Supp. 551,
Mr. Justice McLaughlin, at page 96, 58 App. Div., and page 553, 68
N. Y. Supp., said:

"This rule is a salutary one. No good reason can be suggested that, where
one party acts as an agent of another in the management of his property,
why, when called upon by his principal, he should not make the fullest dis-
closure of what he has done with that property."

A director is not under the same obligation to disclose to a stock-
holder the details of the corporate management, for the interests of
the individual stockholder may properly be adverse to those of the
corporation. Although a director undoubtedly holds a position of
trust and confidence, and owes to all the stockholders the duty of
properly managing the affairs of the corporation, such director is not
the agent of the stockholder, but rather the agent of the corporation.
It may be that a greater degree of publicity should be given to cor-
porate management than the present laws afford, but, under the exist-
ing laws, before an obligation to disclose the affairs of the company
to the individual stockholder can arise, a demand and proper reason
must be shown. The mere fact that the defendants, as directors,
stand in a fiduciary relation to the plaintiff, does not require that
they submit to an examination to enable the plaintiff to frame a com-
plaint against them; when the moving affidavit discloses that the plain-
tiff already has information sufficient to draw the complaint without
the examination. The motion to vacate the order is granted. Ten
dollars costs.

Motion granted. Ten dollars costs.