### DYETT *v.* SEYMOUR *et al.*

*(Supreme Court, General Term, First Department.* November 23, 1888.)

WITNESS—EXAMINATION OF DEFENDANT BEFORE TRIAL.

    In an action against a broker for moneys paid to him on his false representations that losses had occurred in alleged dealings in stock on plaintiff's account, where notices of the transactions were given to plaintiff, but a part of the notices have been lost, and some of the persons named in them have denied the transactions stated therein, an order directing the examination of defendant before trial is proper.

Appeal from special term, New York county; GEORGE C. BARRETT, Justice.

In this action by Arthur Dyett, survivor of A. R. L. Norton, against James M. and Allen L. Seymour and James A. Baker, an order for defendants' examination before trial was granted, and they appeal.   For opinion on appeal from order for the production of books, etc., see *post,* 842.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*Joseph H. Choate,* for appellants.   *A. R. Dyett,* for respondent.

VAN BRUNT, P. J.   This action is brought by the plaintiff, as assignee of one John C. Eno, to recover from the defendants a large sum of money alleged to have been obtained from said Eno by means of false and fraudulent representations made by the defendants to said Eno,—such representations being to the effect that the defendants had bought and sold certain stocks for him as his brokers, and that upon said transactions certain large losses had occurred, which losses said Eno paid; whereas in fact the defendants did not make such purchases and sales, and such losses were never incurred.   By the proposed examination the plaintiff seeks to discover the names of the persons who were the purchasers of such stocks, and the names of the persons to

whom the sales of stock were made. It is admitted that notices of purchase and sale were rendered to Eno at about the time of the alleged transactions, but it is claimed by the plaintiff that a large part of them have been lost; and as is stated by the learned justice who heard the motion, that whatever view may be taken of the conflict of testimony between the defendant Baker and his then clerk, Sanger, it is certain that neither Eno nor the plaintiff have the notices in question. It further appears that in some instances where the notices have been kept the persons named therein as purchasers or sellers have denied that they had ever made any such transactions. Under such circumstances, it is not to be wondered at that a customer of a broker's firm should like to investigate a little further into the transactions of his agent. It appearing in cases where notices have been kept that there is reason to suppose that the transactions never took place, the attempt to ascertain whether any, and, if so, what, other transactions are of the same fraudulent character, cannot be said simply to be an attempt to find out whether there is a cause of action. The defendants were Eno's agents. He had no personal knowledge as to these transactions, and necessarily relied upon the good faith and honesty of such agents; and, where he has good ground to suspect such good faith, he should be afforded an ample opportunity for investigation. If these transactions were in good faith, the examination can do no harm; but if they, or any one of them, were fraudulent, it affords the only means by which the plaintiff can prove them to be so. The order directing the examination of the defendants before trial should therefore be affirmed, with costs and disbursements.

DANIELS and BARTLETT, JJ., concur.