## DYETT *v.* SEYMOUR *et al.*

### (*Supreme Court, Special Term, New York County.* January 8, 1889.)

**1. DISCOVERY—PETITION—RULES OF PRACTICE.**

General rule of practice 15 provides that the moving papers on an application for discovery or inspection of books or papers shall state the facts on which the same is claimed, and that the applicant shall show the materiality and necessity of the discovery sought. *Held,* that an application by defendants for discovery of certain reports, alleged to have been rendered by them to plaintiff's assignor, to be used on an examination of such defendants before trial, on an order obtained by plaintiff, will be denied where the petition states neither the contents of the reports,—it being presumed from the fact that defendants rendered the reports that they know such contents in a general way,—nor why it is material that defendants should be allowed to inspect them, nor any fact tending to show that such inspection is material or necessary.

**2. WITNESS—EXAMINATION OF DEFENDANT BEFORE TRIAL.**

The examination of defendants before trial having been obtained by plaintiff for his own benefit, it would not be a proper exercise of discretion to allow defendants to inspect the reports before such examination, inasmuch as they can compel their production on the trial or before trial, if necessary.

At chambers. Application by defendants, James M. Seymour, Allen L. Seymour, and James A. Baker, for discovery of certain reports. For opinions on former proceedings in the same case, see 2 N. Y. Supp. 841, 842.

*A. R. Dyett*, for plaintiff. *Joseph H. Choate*, for defendants.

ANDREWS, J. The plaintiff obtained an order for the examination of the defendants before trial, which, upon appeal to the general term, was affirmed. 2 N. Y. Supp. 841. Two of the defendants, James M. and Allen L. Seymour, have been examined pursuant to such order; and the defendants now apply for a discovery of certain reports which they claim to have rendered to the plaintiff's assignor. Rule 15 of the general rules of practice provides that the moving papers upon an application for discovery or inspection of books or papers shall state the facts and circumstances on which the same is claimed, and that the party applying shall show to the satisfaction of the court or judge the materiality and necessity for the discovery sought. I have carefully examined the petition upon which this application is made, but I am of the opinion that it does not state any facts or circumstances which show, or tend to show, the materiality and necessity of the discovery sought. The defendants were stock-brokers in this city, and the plaintiff's assignor bought and sold stock through them. The claim set up in the complaint is that the defendants reported to plaintiff's assignor that they had made a great number of purchases and sales on his account, which, in fact, they never had made, but which were wholly fictitious. The plaintiff has examined two of the defendants for the apparent purpose of trying to prove by them that such claim was well founded. So far as the examination has proceeded, neither of said two defendants is able to state the name of any person from whom they purchased or to whom they sold stocks on account of plaintiff's assignor. The defendants now claim that it is material and necessary for them that the plaintiff should produce for their inspection reports claimed to have been made by them to the plaintiff's assignor, so that their own counsel may be able to cross-examine them in relation to, or with the aid of, such reports. The petition is verified by all three of the defendants, and it is therein stated that the said reports relate to the merits of the action and of the defense, and particularly to the subject-matters concerning which the said James M. Seymour is now being examined. It is also stated that the petitioners are advised by their counsel, and verily believe, that the production and inspection of said reports are important, material, and necessary upon the examination of these defendants, and that defendants cannot safely and properly close such examination without a full production and inspection by them of said books. These reports were prepared and rendered by the defendants themselves, and it must be presumed that they know, in a general way at least, their contents; but the petition contains no statement as to what such contents are, nor does it state why it is material or necessary that the defendants should be allowed to inspect such reports for the purpose of their examination, nor does it state any fact whatever which shows, or tends to show, that it is material or necessary that the defendants should have such discovery or inspection at the present time. Moreover, even if it appeared by the petition that the production of such reports by the plaintiff for the inspection of the defendants would aid the latter in giving testimony for the purposes of their defense, it does not seem to me that it would be a proper exercise of discretion to require the plaintiff to produce such reports at the present time. Although, under the provisions of the Code, the deposition of the defendants may be read upon the trial by either party, the order for their examination was obtained by the plaintiff for his own benefit. No sufficient reason is shown why the defendants should now be assisted in an effort to give testimony on their own behalf, which they can just as well give upon the trial of the action. At such trial, the defendants can, of course, testify in their own behalf; and, if the plaintiff have papers which it is necessary for them to inspect for the purpose of giving such testimony, the production of such papers in court can be compelled by *subpœna duces tecum;* or, upon a petition showing that it is neces-

.sary and material for the defendants to inspect the reports, an order for the discovery and inspection of such reports may be obtained before the trial.

The application presents an extraordinary feature, which does not particu-larly commend the defendants to the favorable consideration of the court. According to the testimony already given, the books of the firm containing the accounts of all the transactions between the defendants and the plaintiff's .assignor were taken to New Jersey, and burned, in the year 1884. The re-ports made by the defendants to plaintiff's assignor were presumably based upon such books, and it is certainly remarkable that defendants, who admit they have destroyed their own books, should ask the court to compel the plain-tiff to furnish them with such reports, which doubtless contained no infor-mation beyond what was in the books themselves. The motion will be denied, with $10 costs, to abide the event.