### LEACH v. HAIGHT et al.

(Supreme Court, Appellate Division, First Department.  November 25, 1898.)

1. EXAMINATION BEFORE TRIAL.
    Plaintiff sued to recover money deposited with defendants, and moved for an order for their examination before trial, alleging that she had no way of ascertaining what was done with the money, except by such examination, and that she intended to use the examination on the trial. *Held*, that an order granting the examination was authorized.

2. SAME—SUFFICIENCY OF AFFIDAVIT.
    An affidavit for an examination of a party before trial, stating facts on information and belief, is sufficient, where the sources of information and grounds of belief were stated.

Appeal from special term.

Action by Adele W. Leach against Friend C. Haight and another. From an order denying a motion to vacate an order for their examination before trial, defendants appeal.  Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

H. W. Simpson, for appellants.
Edwin R. Leavitt, for respondent.

PATTERSON, J.  An order for the examination of the defendants before trial, and requiring them to produce books and papers for inspection, having been granted and served, the defendants moved to vacate it.  That motion was denied, so far as the examination of the defendants as witnesses is concerned, but the requirement that books and papers · be produced was stricken out.  The defendants now appeal from the order denying the motion to vacate.

The question is whether the plaintiff is entitled to the examination directed.  She sued to recover back moneys deposited with the defendants as margins for certain dealings in stocks.  She declares that the defendants never bought or sold stocks for her as she had ordered, but rendered accounts of fictitious transactions, and that they have misappropriated her moneys.  They state that all the accounts rendered by them were true, and that transactions resulting in the loss of all the plaintiff's money, except a small balance, were made by them, as their accounts represent.  They state that they were members of, and operators on, the Consolidated Exchange, and that the transactions they refer to were had on that exchange.  The plaintiff swears that she learned that all the dealings of the defendants on the Consolidated Exchange, on the days on which they claim to have

bought shares for her, did not equal in amount the transactions they swear were had by them for her. The defendants allege that they have preserved no records that will show what those transactions were; that they were had through various brokers, whose names they do not now know, and have no means of ascertaining. In other words, they desire to escape an examination for the reason of an alleged inability to answer questions. What the plaintiff desires is to examine the defendants, to find out just what the defendants did with her money. She has made out what appears, prima facie, to be a case of fraud.

It is not to be disputed that, if the defendants misapplied the plaintiff's moneys, they are liable in this form of action. Prout v. Chisolm, 21 App. Div. 54, 47 N. Y. Supp. 376. She shows that she has no way of ascertaining what the defendants did with her money, except by examining them, and she declares that it is her purpose to use that examination on the trial. She must get the information from them or go without it. She cannot get it from the Consolidated Exchange or the Exchange Clearing House, for reasons stated in her affidavit. An order for the examination of the defendants under such circumstances is authorized. The question was discussed and disposed of in Dyett v. Seymour, 50 Hun, 278, 2 N. Y. Supp. 841, which was an action against brokers similar to this.

It is claimed that the order cannot be sustained, because the affidavit of the plaintiff is upon information and belief alone; but she discloses in her affidavit the grounds of her belief as to the fictitious character of the alleged purchases and sales, namely, depositions of various officers of the Consolidated Exchange, showing that, on numerous dates when the defendants charged the plaintiff with purchases and sales of stocks, they had not cleared in their whole business on the exchange, on which their operations were supposed to be conducted, as many stocks as they pretend by their statements to have bought or sold for the plaintiff. The case, therefore, differs from Jiminez v. Ward, 21 App. Div. 387, 47 N. Y. Supp. 557, in that regard.

The order appealed from must be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.