(46 App. Div. 590.)

## RYAN v. REAGAN et al.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

1. DISCOVERY—VACATING ORDER.

Order in ejectment for examination of defendants before trial, to enable plaintiff to prove his damages, should not be vacated on the ground that the action as alleged in ejectment will not lie, where the allegations of the complaint are directed to showing that defendants have exercised acts of authority over the property as owners or lessees, and that for four years they have conducted their business on the premises, and the answer raises the question of plaintiff's title; as right to maintain the action should be determined on such a motion only where, on the face, and by a bare inspection, of the complaint, it appears to be frivolous.

2. SAME—EJECTMENT.

Code Civ. Proc. §§ 1496, 1497, 1531, providing that in ejectment the damages recoverable shall "include the rents and profits, or the value of the use and possession," plaintiff is entitled to examination of defendants

as to the amount of rents received by them, such facts being peculiarly within their knowledge and control.

**3. SAME—MODIFYING ORDER.**
An order for examination of defendants will not be vacated entirely, but only modified, on a showing that one of them had been sick, and had not, during the period in question, personally transacted business, and would be unable to testify to any facts relating to the matter in hand.

**4. SAME—INCRIMINATING MATTER.**
The question whether information sought to be elicited by examination of defendants might tend to criminate them will not be considered till the examination takes place.

**5. SAME—USE OF BOOKS.**
Plaintiff being entitled to right to examine defendants, they, if unable to furnish the information without the aid of books in their possession, can be required to resort thereto.

Appeal from special term, New York county.

Action by Mary Ryan against William Reagan and another. From an order vacating an order for examination before trial of defendants, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, and INGRAHAM, JJ.

John J. Lenehan, for appellant.
A. S. Gilbert, for respondents.

O'BRIEN, J. This is an action in ejectment, based upon a complaint which alleges that the plaintiff is the owner and entitled to the immediate possession of the premises at the southeast corner of Barclay street and West Broadway; that the easterly boundary line of her property runs part of the way through the middle of a party wall; that the westerly half of the wall, and the land on which it stands, belong to the plaintiff; that the defendants took possession of and occupied, and still occupy, the wall and premises wrongfully, unlawfully, and without the plaintiff's consent. Judgment is asked for the immediate possession of the wall, and, as damages, the rents and profits, and the value of the use and occupation. The answer denies the plaintiff's title. In the affidavit to obtain the order for examination it is stated that the defendants, who are billposters and displayers of advertising signs, have covered the plaintiff's property with signs, posters, billboards, placards, and other advertising mediums, and have let to a large number of persons and corporations spaces on the plaintiff's wall and premises, charging therefor different sums, varying with the form of advertising, the amount of space, and the duration of occupancy; and that from these rentals the defendants derive a large income. Additional facts are stated, tending to show that an examination of the defendants is material and necessary to enable the plaintiff to prove her damages at the trial. On this affidavit the plaintiff obtained an order for examination, which the defendants subsequently moved to vacate on numerous grounds, none of which were passed upon by the court below excepting the claim that the action, as alleged, in ejectment, would not lie. On that ground the order for the examination was vacated, and it is from the conclusion thus reached that the plaintiff appeals.

In vacating the order of examination for the reason that, upon the facts stated, the action was misconceived, and ejectment would not lie, the decision of the special term, as appears from the opinion, was based upon the recent case of Goldman v. Advertising Co., 29 Misc. Rep. 133, 60 N. Y. Supp. 275, in which the appellate term held that a contract by which an owner of real estate leased a wall of his house was not in fact a lease. In that case, however, there was no question of title, as there is here; nor were the facts therein, or in Reynolds v. Van Beuren, 155 N. Y. 120, 49 N. E. 763, 42 L. R. A. 129, or Lowell v. Strahan, 145 Mass. 1, 12 N. E. 401, like these set forth in the present instance. Here the allegations are directed to showing that the defendants have exercised acts of authority and dominion over the property as owners or lessees, and that for four years they have conducted their business or trade on the premises, and by the answer to the complaint the question of the plaintiff's title is raised. In view of the pleadings, therefore, we think that it was error for the special term, in disposing of the defendants' motion, to determine the question of the plaintiff's right to maintain the action, and on that ground alone to vacate the order for examination. It is only where, upon the face, and by a bare inspection, of the complaint, it appears to be frivolous, that on such a motion the right to maintain the action should be determined. In this court we are not called upon, any more than was the special term, to determine the sufficiency of the complaint beyond stating that it is not, in our opinion, frivolous. We think, therefore, that the plaintiff's right to maintain the action in ejectment was improperly disposed of on the motion to vacate the order for examination. The determination of that right should be left till the trial, or made when the question is raised by demurrer.

Though the ground taken below was erroneous, the order should be affirmed, if any of the other objections made by defendants are good. We are required, then, to consider such other objections as to whether the damages claimed could be recovered, whether the defendants could be compelled to submit to an examination which might tend to criminate them, and whether the affidavit upon which the order was obtained was defective. As to the first point, the Code provides that in ejectment the damages recoverable shall "include the rents and profits or the value of the use and occupation of the property where either can be legally recovered by the plaintiff." Code Civ. Proc. §§ 1496, 1497, 1531. Relating to this subject, the plaintiff's affidavit states that she "desires and expects to prove as her damages upon the trial of this action the amount of the rents and profits, or the value of the use and occupation of the plaintiff's wall; and, in order to prove said damages, desires to examine the defendants, to show the various leasings or hiring out of spaces, their duration, and the amount of rental or revenue derived by defendants therefrom, when and from whom received. * * *" Assuming—as we should till the question is properly disposed of—that the plaintiff can maintain the action, then the facts sought to be proved are relevant and material upon the question of damages; and, as such facts are stated to be peculiarly within the defendants' knowledge and control, the

plaintiff is entitled to an examination of either or both of them. It appears that one of the defendants—William Reagan—has been an invalid for 15 years last past, and during that period has not personally transacted business of any kind, and would be unable to testify to any facts relating to the premises in question. This is a perfect answer to so much of the plaintiff's motion as seeks to examine him; but it does not render her affidavit entirely defective, for, sickness not being a fact of which the plaintiff should know or will be presumed to have known, the only result is that the order appealed from must be affirmed as far as it affects Reagan. The question whether the information sought to be elicited by the examination of the defendants might tend to criminate them by showing that they were guilty of misdemeanor, is one to be left till the examination takes place. The privilege to which reference is made is at best but a personal one, which may be waived; and it may be that some of the information sought will not have a tendency to criminate. This matter, however, as stated, should be reserved till the examination occurs, and can then be disposed of by the judge before whom the proceedings are conducted. So, too, the objection as to the books which the plaintiff desires to have produced can only be determined at the time of the examination, when it will appear how far they will be necessary to enable the witness to testify. What the plaintiff is entitled to is the right to examine the defendant Clark; and if he, without the aid of books which he possesses, is unable to furnish the information sought, then he can be required to resort thereto for the purposes of refreshing his memory, or giving the facts desired.

We think that the order below should be modified, without costs, by affirming it so far as it vacates the order of examination as to the defendant Reagan, but that it should be reversed so far as it relates to the defendant Clark, and that the motion to vacate the order for his examination should be denied, with $10 costs. All concur.

---

(47 App. Div. 317.)

### In re OPENING OF LUDLOW ST.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

APPEAL—NOTICE—QUESTIONS PRESENTED.

    Appeal from special term, Westchester county.

Proceedings to open Ludlow street, in the city of Yonkers. From an order confirming commissioners' assessment on land affected by