(50 App. Div. 462.)

### HAY et al. v. ZEIGER.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

DISCOVERY—PROCEDURE.

> To warrant an order of examination of a defendant before trial, the necessity and importance of such examination before, instead of at, the trial, must appear by the papers on which such order is based.

Appeal from special term, Kings county.

Action by George T. Hay and others against Charles H. Zeiger and another. From an order denying a motion to vacate an order for the examination of defendant before trial (61 N. Y. Supp. 647), defendant Charles H. Zeiger appeals. Order reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

George W. Carr, for appellant.
Everett Masten, for respondents.

PER CURIAM. The papers upon which the order for the appellant's examination was obtained did not show that it was important

or necessary that his testimony should be taken before the trial, rather than at the trial. It has repeatedly been held that it is essential that such importance or necessity should be made to appear. Williams v. Folsom, 54 Hun, 308, 7 N. Y. Supp. 568; Jenkins v. Putnam, 106 N. Y. 272, 12 N. E. 613. This well-established rule was disregarded in the refusal to vacate the order of examination. The learned judge at special term conceded in his opinion that there were many decisions in the First judicial department which seemingly required that the order of examination should be vacated; but he said that they had not been followed in the rest of the state, and were not generally deemed binding by the bench and bar. We cannot recognize any right on the part of members of the bar to determine what decisions they will deem binding, and what decisions they will respect; nor are we aware that the cases to which reference is thus made have been repudiated by the bench. At all events, we deem it proper that a uniform procedure should prevail in this and the First department in regard to the examination of parties before trial; and we have no hesitation in enforcing that uniformity in the present case, inasmuch as the necessity of showing that the examination ought to be had before the trial, rather than at the trial, received the sanction of the court of appeals in the case of Jenkins v. Putnam, above cited.

Order reversed, with $10 costs and disbursements, and motion to vacate order of examination granted.