·(33 Misc. Rep. .499.)

## LEARY v. O'BRIEN.

(Supreme Court, Special Term, New York County.   December, 1900.)

EXAMINATION OF DEFENDANT—AFFIDAVIT—AVERMENTS—SUFFICIENCY.

   Where plaintiff's affidavit in support of a motion for the examination
of defendant before trial set forth certain reasons why the examination
was necessary, and stated that all the facts which plaintiff desired to ob-
tain information about were in the knowledge of defendant and unknown
to plaintiff, but there was no statement why such ignorance existed on
the part of plaintiff, or of any effort to acquire any information, or that
the testimony of the defendant was the sole source of proof of the facts
required, and it was apparent that the facts were probably within the
knowledge of the moving party, the application should be denied.

   Action by Dennis Leary against Edward C. O'Brien.   Motion for
·an examination of defendant before trial.   Motion denied. .

   G. D. B. Hasbrouck, for plaintiff.

   Peckham, Miller & King (Wheeler H. Peckham, of counsel), for de-
·fendant.

   BLANCHARD, J.   To entitle the plaintiff to prevail on this mo-
tion, it is essential that the mind of the court should be satisfied,
from the statements made in the plaintiff's affidavit, upon which he
bases his application, that the testimony of the defendant is mate-
rial and necessary for the plaintiff or the prosecution of the action.
And the affidavit should specify the facts and circumstances which
show that the examination of the defendant is material and neces-
sary.   The application is addressed to the discretion of the court
(Jenkins v. Putnam, 106 N. Y. 272, 12 N. E. 613), and it is the duty
·of the party seeking the examination to set forth in his motion pa-·
.pers a full and frank statement of all the facts and circumstances
which will show that an actual necessity exists for the examination
of his adversary out of the usual order at the trial.   The plaintiff's
affidavit does not meet these requirements.   It sets forth a copy
·of the complaint herein, in which it is alleged that a partnership
was formed between plaintiff and defendant for the purpose of or-
ganizing, promoting, and incorporating an express company, and
that such a company was organized as a result of the combined
·efforts of the plaintiff and defendant.   It is further alleged in the
complaint, but on information and belief, that the express company
· ·delivered to the defendant certain money, stocks, or other securities,
which it agreed to transfer and deliver to the plaintiff and defend-
ant by way of compensation for organizing and promoting said cor-
poration, and that the defendant received the same from the com-
pany, and now holds the same.   The plaintiff brings the action to
compel the defendant to account for and pay over to the plaintiff
his share of the said money, stocks, or other securities.   The an-
.swer is a general denial.   The affidavit further sets forth certain
reasons why the plaintiff deems an examination of the defendant
before trial to be material and necessary.   None of the reasons is,
in my judgment, sufficient as a statement of fact and circumstances
·to establish the necessity and materiality of the examination sought

by the plaintiff. It would seem, rather, that the plaintiff seeks the testimony of the defendant to ascertain whether or not the plaintiff has a cause of action, or to make the preparation of the trial more easy and convenient for him. This is not the purpose of the statute under consideration. It should be invoked only when an actual and urgent necessity arises for an examination of the party before trial. The statute wisely does not attempt to specify the particular cases when the examination may be properly ordered, because the facts and circumstances upon which the propriety of the examination depends will differ more or less in every case. But the statute and the rules of practice do require positively that the papers used on the application should show the particular facts and circumstances which make that examination both material and necessary to the moving party. It is true, in this case, that the plaintiff's affidavit states that all the facts about which he desires to attain information on an examination of the defendant are at present within the knowledge of the defendant, and not within the knowledge of the plaintiff. That may be the correct statement of a fact, but there is no statement of any facts or circumstances which explain why this ignorance on the part of the plaintiff exists. It does not appear that the plaintiff has made any efforts himself to acquire the information which he seeks, or that the testimony of the defendant is the sole source of proof of the facts about which the plaintiff states he has no knowledge. It would seem that, if he was a partner with the defendant in the business of organizing an express company and promoting its business, he should have as much knowledge and information about the facts concerning which he seeks to examine the defendant as the defendant himself. Where, from the nature of the controversy, it is apparent that the facts of the case are probably within the knowledge of the moving party, no facts and circumstances appearing to the contrary, the application for an examination of the adverse party before trial should be denied. Jenkins v. Putnam, supra.

Motion denied.