(59 App. Div. 580.)

### DUFFY v. CONSOLIDATED GAS CO.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

EVIDENCE—DEPOSITIONS—DISCOVERY—CORPORATION BOOKS—EXAMINATION BY ADVERSE PARTY.

Code, § 872, par. 7, providing that an affidavit for taking the deposition of a corporation shall state the books or papers of which an examination is desired, was not intended to compel the production of the books of a corporation for inspection by the adverse party, but only to be used in connection with the examination of a witness whose memory might be refreshed by an inspection of the books.

Appeals from special term, New York county.

Action by Alice Duffy, as administratrix of the estate of Nicholas Duffy, deceased, against the Consolidated Gas Company. From an

order denying a motion to vacate an order for the examination of the defendant before trial, but modifying such order so as to limit the extent of the examination, both parties appeal. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Roger Foster, for plaintiff.

David McClure, for defendant.

VAN BRUNT, P. J. It does not seem to be in harmony with the provisions of the Code in regard to discovery that in this proceeding the books of a corporation can be produced for the purpose of inspection by the adverse party. It is true that the seventh paragraph of section 872 of the Code speaks of an examination and inspection of books; but it is clear, in view of the other provisions of the Code in regard to the discovery of books and papers, that this was infelicitous language, and that all that the provision was intended for was to compel the production of the books of a corporation, which might be used in connection with the examination of a witness, who would be able to testify from the books, and who would not be able to thwart the purposes of the examination by claiming that he could not give the information without having his recollection refreshed by an inspection of the books. We think, therefore, that the order should be modified by adding thereto the following words:

"Such production of the books being only for the purpose of refreshing the recollection of the witness, and aiding his memory in the oral examination; such books not being produced for the purpose of examination or inspection by the plaintiff's counsel."

As so modified, the order should be affirmed, without costs. All concur.