tion of that statute. Parsell v. Stryker, 41 N. Y. 480; Lobdell v. Lobdell, 36 N. Y. 327; Smith v. Smith, 51 Hun, 166, 4 N. Y. Supp. 669; Freeman v. Freeman, 43 N. Y. 34, 3 Am. Rep. 657.

There was an adequate consideration for the agreement on the part of Samuel Goldstein. The plaintiff had, or claimed to have, good cause for obtaining a separation from him. Whether that claim was well or ill founded I do not think is material. Samuel Goldstein evidently regarded it as well founded at the time he made the agreement and executed the will of May 6, 1898, and the declaration which he made in the will of May 18, 1898, that the former will was executed to "enable him to live in peace and harmony with his wife during her life," goes far to show that he did not regard her claim to a separation as based upon trivial grounds. I not only regard the agreement to execute the will of May 6, 1898, and the execution of it, and the delivery of the same to Mr. Chedsey, as based upon a sufficient consideration, but I am also of the opinion that no court of equity should permit the devisees and legatees of the husband, who, by making such an agreement, and by carrying it into execution, disarmed his wife, and prevented her from prosecuting her action, to profit by the husband's fraud.

Numerous cases are cited in the brief of the respective counsel in support of their position. After examining those cases, I am of the opinion that the plaintiff's case is supported by the decisions enunciated in Gates v. Gates, 34 App. Div. 608, 54 N. Y. Supp. 454; Webster v. Webster, 27 Law J. Ch. 115; same case on appeal, 4 De Gex, M. & G. 437; Korminsky v. Korminsky, 2 Misc. Rep. 138, 21 N. Y. Supp. 611; Davison v. Davison, 13 N. J. Eq. 246; Bruce v. Moon (S. C.) 35 S. E. 415; Adams v. Adams, 91 N. Y. 381, 43 Am. Rep. 675. For these reasons there will be judgment in the plaintiff's favor, as prayed for in her complaint, with costs and allowance to be settled on the entry of the judgment. Draw decision and judgment accordingly, and settle on notice.

Judgment accordingly.

(62 App. Div. 315.)

### BLOODGOOD v. SLAYBACK.

(Supreme Court, Appellate Division, First Department. June 21, 1901.)

1. EXAMINATION BEFORE TRIAL—BOOKS AND PAPERS.

    An order for the examination of defendant, under Code Civ. Proc. § 873, before trial, and an order for the examination and inspection of books, are distinct proceedings, and cannot be united in one order.

2. SAME.

    A proceeding for the inspection of books must be commenced by petition, under Code Civ. Proc. § 805.

Appeal from special term, New York county.

Action by Harry L. Bloodgood against John D. Slayback. From an order vacating an order for the examination of defendant before trial and an inspection of certain books and papers, plaintiff appeals. Affirmed.

The following is the opinion of FREEDMAN, J., delivered at special term:

This motion is made to vacate an order obtained ex parte, appointing a referee herein, and ordering that the defendant be examined as an adverse party, and his deposition taken, pursuant to section 873 of the Code of Civil Procedure, and also that the defendant produce for inspection the articles of co-partnership and all the books of the firm of John Bloodgood & Co., formerly composed of John Bloodgood and defendant. Upon the hearing of the motion the defendant interposed the preliminary objection that an order for the examination of the defendant under section 873 of the Code of Civil Procedure and an order for the examination and inspection of books are distinct and independent proceedings, and cannot be united under one order. This objection seems to be well taken. Lefferts v. Brampton, 24 How. Prac. 257; Havemeyer v. Ingersoll, 12 Abb. Prac. (N. S.) 301. An absolute order for an inspection of books is improper. Dick v. Phillips, 41 Hun, 603; Francis v. Porter, 88 Hun, 325, 34 N. Y. Supp. 752. In a proper case, under sections 872 and 873 of the Code of Civil Procedure, a witness may be required to produce books and papers as an adjunct to his oral examination, and to refer to them for the purpose of making his examination effective. Drake v. Weinman & Co., 12 Misc. Rep. 65, 33 N. Y. Supp. 177; Fenton v. Dempsey, 10 N. Y. St. Rep. 733. But a proceeding for the inspection of books must be commenced by petition. Code Civ. Proc. § 805; Dick v. Phillips, supra; Francis v. Porter, supra. The motion is granted, with costs.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Grosvenor Nichols, for appellant.
D. McCurdy, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of the court below.

---

(35 Misc. Rep. 220.)

ARMING v. STEINWAY et al.

(Supreme Court, Trial Term, Kings County. June, 1901.)

1. CLAIMS AGAINST DECEDENT'S ESTATE—EVIDENCE.

Defendant's decedent had stated to plaintiff that if she would give all the time she had to German lessons to pupils which he would send her, in a room which he would let her have, she would earn $15 a week for the ensuing 40 weeks. She agreed to give all the time to that purpose, and he promised to pay one dollar a lesson for pupils sent by him who did not pay her for their lessons. *Held*, in an action against the executors, that plaintiff could only recover one dollar for each pupil sent by him who did not pay.

2. SAME—TERMINATION OF CONTRACT.

Where defendant's decedent promised to pay plaintiff one dollar a lesson for pupils sent by him to her who did not pay her for their lessons, such contract terminated with the death of the decedent.

Action by Fannie Arming against Charles H. Steinway and others, executors of William Steinway, deceased. Verdict for plaintiff. Motion for new trial granted on conditions.

Cochran, Moore & Hildreth, for plaintiff.
Fernando Solinger, for defendants.

RUSSELL, J. On the trial the plaintiff had a verdict of $600 and interest for 40 weeks' of assumed service in teaching pupils the Ger-