Judgment of the County Court and of the Justice's Court reversed, with costs, and costs in the courts below.

---

In the Matter of the Application for an Examination of EDWARD M. SAYRE, Individually and as an Officer of the SAYRE MANUFACTURING COMPANY and the SAYRE BROTHERS MANUFACTURING COMPANY, Appellant, at the Instance of the PORTER SCREEN MANUFACTURING COMPANY, Respondent.

*Parties to an action to dissolve a corporation and sequestrate property fraudulently transferred by it — examination, before suit brought, of an officer of such corporation — that it will tend to incriminate him is not a defense to the application — he may be required to produce the books and records of the corporation.*

In an action brought by a judgment creditor of a corporation to procure a dissolution thereof and a sequestration of property fraudulently transferred by it, the persons or corporations who hold such property in their possession may be joined as parties defendant.

On an application, under section 870 of the Code of Civil Procedure, to take the testimony of a person whom the applicant intends to make a party to an action to be thereafter commenced by him, the question whether the information sought to be elicited by the several questions to be asked will have a tendency to incriminate the witness should be reserved until the examination occurs.

The order for the examination of the witness may properly require him to pro-

duce the books and records of corporations of which the witness is an officer and director, and which the applicant expects to make parties to the action, where it appears that the production of the books and records is required simply as an incident to the examination of the witness, and not for the purpose of allowing the applicant to inspect them.

APPEAL by Edward M. Sayre from an order of a justice of the Supreme Court of the State of New York, made at chambers and entered in the office of the clerk of the county of Chemung on the 11th day of November, 1901, denying his motion to vacate an order made by the county judge of Chemung county on the 16th day of October, 1901, for his examination, individually, as an officer of the Sayre Manufacturing Company and the Sayre Brothers Manufacturing Company and for an examination and inspection of the books and papers of said corporations, in an action about to be brought by the Porter Screen Manufacturing Company against the said Sayre Manufacturing Company, Sayre Brothers Manufacturing Company and others.

The Porter Screen Manufacturing Company is a foreign corporation. The Sayre Manufacturing Company, a domestic corporation, was incorporated on or about the 18th day of November, 1891, and has its principal place of business at Horseheads, N. Y.

Between the 20th day of January, 1899, and the 5th day of July, 1899, the Porter Screen Manufacturing Company sold and delivered to the Sayre Manufacturing Company goods and merchandise to an amount exceeding $2,000 in value. The Sayre Manufacturing Company did not pay for said goods and merchandise, and on the 18th day of January, 1900, an action was commenced in the Supreme Court of this State by the Porter Screen Manufacturing Company against it for the value of such goods and merchandise. An answer was interposed, and the issues so joined were referred to a referee for trial and he subsequently reported in favor of the plaintiff, and judgment was entered in favor of the plaintiff and against the defendant for the sum of $2,764.70 damages and costs on the 6th day of August, 1901.

Thereafter execution was issued against said Sayre Manufacturing Company, and on or before the 1st day of September, 1901, the same was returned wholly unsatisfied and the said judgment still remains unpaid. In January, 1898, and again in January, 1899,

the Sayre Manufacturing Company filed its annual report as provided by law, but failed to make a report in January, 1900.

The Sayre-Hatfield Company, a domestic corporation, was duly incorporated on or about the 12th day of January, 1900, and has its principal place of business at Horseheads. On the 7th day of August, 1900, an order was duly granted by the Supreme Court authorizing the Sayre-Hatfield Company to assume the name of Sayre Brothers Manufacturing Company. At the time of the commencement of said action by the Porter Screen Manufacturing Company against the said Sayre Manufacturing Company, said Sayre Manufacturing Company was the owner in fee of two parcels of land at Horseheads, N. Y., on one of which parcels of land was situated the mill and machinery of said Sayre Manufacturing Company, and such real estate, mill and machinery constituted nearly the entire property and assets of said Sayre Manufacturing Company, and was of the value of at least $5,000. On the 13th day of February, 1900, there was recorded in the office of the clerk of Chemung county a deed dated the 1st day of January, 1900, conveying the said mill premises to the Sayre-Hatfield Company for the stated consideration of one dollar, and the Sayre-Hatfield Company and said Sayre Brothers Manufacturing Company, its successor, have ever since continued in the possession and enjoyment of the said real estate and personal property formerly belonging to said Sayre Manufacturing Company.

On or about the 16th day of October, 1901, the Porter Screen Manufacturing Company presented to the county judge of Chemung county an affidavit upon which it asked for and obtained an order that Edward M. Sayre, individually, and as an officer of the Sayre Manufacturing Company and of the Sayre Brothers Manufacturing Company, appear before a referee named in said order at a time and place therein named to be examined in an action about to be brought in the Supreme Court by the Porter Screen Manufacturing Company against the Sayre Manufacturing Company, the Sayre Brothers Manufacturing Company, Edward M. Sayre and others named, and also directing that said Edward M. Sayre produce upon such examination the books and records of said defendant corporations. Said affidavit also states:

" That the nature of the controversy which is expected to be the

subject of said action, will be the dissolution of the said corporation, Sayre Manufacturing Company, and the sequestration of its property and the enforcement of the liability of said individual defendants, as officers and directors of said corporation to the creditors of the said corporation and especially to the Porter Screen Co., for their failure to make and file an annual report as of the first day of January, 1900, and compelling them to pay to the creditors of said Sayre Mfg. Co., the value of the property which they have acquired, transferred to others, lost or wasted, by violation of their duties."

The said Edward M. Sayre is, and has been during the times mentioned, secretary of the Sayre Manufacturing Company, and has possession of the books and records of said corporation and is fully informed as to the transfers by said corporation and disposition made of its assets.

The affidavit further states that the examination of Edward M. Sayre individually, and as an officer of the Sayre Manufacturing Company and the Sayre Brothers Manufacturing Company, is necessary to enable the Porter Screen Manufacturing Company to frame its complaint in the action so to be brought.

A motion was made in the Supreme Court by Edward M. Sayre, Sayre Manufacturing Company and Sayre Brothers Manufacturing Company to set aside the order of said county judge, and in the affidavits read by them on said motion it appears that at a meeting of the stockholders of the Sayre Manufacturing Company, held on the 1st day of February, 1900, a resolution was adopted as follows :

" *Resolved*, That the President and Secretary of the Sayre Manufacturing Company be authorized to enter into negotiations for the sale and transfer of land, buildings, and machinery of said corporation unto the Sayre-Hatfield Company for the sum of at least $13,000, and that the said President and Secretary be, and they are hereby authorized and empowered to make, execute and deliver to the said purchaser a good and sufficient deed of said land, buildings and machinery on receiving the consideration therefor."

By the affidavit of Edward M. Sayre, it appears that he had the charge and control of the Sayre Manufacturing Company and that, although but five shares of the stock of such company stood in his name, nevertheless at the time it ceased to do business, he owned

and for a long time had owned all of the capital stock of said corporation. He also states in his affidavit that the deed of the property of the Sayre Manufacturing Company was executed to the Sayre-Hatfield Company pursuant to the resolution of the stockholders, and $13,000 of the stock of the Sayre-Hatfield Company was thereupon issued to him, Edward M. Sayre, individually. It also appears by said affidavit that the said Edward M. Sayre is now advised that he should have taken said stock in the name of the Sayre Manufacturing Company and that he, in law, now holds the same in trust for the Sayre Manufacturing Company and its creditors.

The motion to set aside said order of the county judge was denied, from which order this appeal is taken.

*Richard H. Thurston*, for the appellant.

*Hosea H. Rockwell*, for the respondent.

CHASE, J.:

A few facts stand out prominently in the record. The Porter Screen Manufacturing Company sold and delivered to the Sayre Manufacturing Company goods and merchandise which were not paid for as agreed. In an action brought on such account, judgment has been entered in favor of the Porter Screen Manufacturing Company against the Sayre Manufacturing Company for $2,764.70. When said goods and merchandise were sold, and when said action was commenced, the Sayre Manufacturing Company was in active business, and owned its plant, consisting of real and personal property. Before the judgment was obtained in said action a new corporation was organized for the purpose of carrying on the same kind of business and in the same town as the old corporation. The persons in control of the new corporation, Sayre Brothers Manufacturing Company, are substantially the same as those who were in control of the Sayre Manufacturing Company.

The Sayre Brothers Manufacturing Company is now in the possession and enjoyment of the plant of the Sayre Manufacturing Company, and the Sayre Manufacturing Company has ceased to do business and has no assets that can be reached by execution.

In an action to procure the dissolution of a corporation where the action is brought by a creditor, and the stockholders, directors, trustees or other officers or any of them are made liable by law in

any event or contingency for the payment of the debt, the persons so made liable may be made parties defendant and their liability may be declared and enforced by the judgment in the action. (Code Civ. Proc. § 1790.)

In such an action if a fraudulent transfer of the corporate property is alleged, the creditor may join as parties defendants the persons or corporations who hold such property in their possession. (*Proctor* v. *Sidney Sash & Furniture Co.*, 8 App. Div. 42.)

The Porter Screen Manufacturing Company expects to bring an action against the Sayre Manufacturing Company, its directors and stockholders and the Sayre Brothers Manufacturing Company, for the purpose of obtaining payment of its judgment.

An examination of a person or corporation against whom an action is about to be brought in a court of record is authorized by section 870 of the Code of Civil Procedure. (*Merchants' National Bank* v. *Sheehan*, 101 N. Y. 176.)

Edward M. Sayre, the person to be examined, is not a mere witness, but one of the persons against whom the action is to be brought. He is also the manager of the corporations included among the proposed defendants. The information material and necessary to enable the plaintiff to frame its complaint is peculiarly within his personal knowledge. Many of the facts necessary to enable the plaintiff in such action to frame its complaint are matters of public record and of common knowledge, but it does not appear who were present at the stockholders' meeting of February 1, 1900, nor by what vote the resolution was passed by them, neither does it appear whether the directors of the Sayre Manufacturing Company ever authorized and directed the conveyance to the Sayre-Hatfield Company. The facts relating to the transfer of the property of the Sayre Manufacturing Company, except so far as they appear as matters of record, must necessarily be obtained from some of the persons that are to be made parties defendant in the action to be brought.

Substantially all of the statements in the moving affidavit are made upon knowledge. The statements made on information and belief are so connected with the positive allegations and based upon them that they were properly considered by the judge who granted the order for the examination.

The facts and circumstances detailed in the moving affidavit justify the statement that the examination of Edward M. Sayre is material and necessary to enable the plaintiff in the proposed action to frame its complaint.

The requisite facts having been presented by the affidavit, there is nothing requiring this court to interfere with the discretion exercised by the judge to whom the application was made in granting the order, or by the justice in refusing to set aside the order on motion of the party to be examined. (*Jenkins* v. *Putnam*, 106 N. Y. 272; *Pots* v. *Herman*, 7 Misc. Rep. 4.)

The appellant suggests that the evidence sought to be obtained on the examination will have a tendency to criminate the witness. It is not apparent that all the questions to be asked on the examination will call for answers that would tend to criminate the witness. On the examination the personal privilege may or may not be insisted upon. We are of the opinion that the question whether the information sought to be elicited by the several questions to be asked will have a tendency to criminate the witness should be reserved until the examination occurs, and if the personal privilege is then insisted upon, rulings can then be made from time to time as the question is presented. (*Ryan* v. *Reagan*, 46 App. Div. 590; *Matter of Davies*, 168 N. Y. 89.)

The appellant also suggests that the applicant is not entitled to an inspection of the books of the corporation as provided for by the order. We do not understand that the order provides for the discovery and inspection of the books as provided in sections 803 to 809 of the Code of Civil Procedure. The books and records are to be produced under the order herein simply as an incident to the examination of the party. (*Duffy* v. *Consolidated Gas Co.*, 59 App. Div. 580; *Bloodgood* v. *Slayback*, 62 id. 315.)

The order should be affirmed, with ten dollars costs and disbursements.

All concurred; SMITH, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.