## McNAMARA v. KEENE.

(City Court of New York, General Term. April, 1902.)

TRIAL—EXAMINATION·OF DEFENDANT BEFORE TRIAL.

In an action by the assignee of a locomobile company to recover the price of a locomobile, for repairs furnished, and for the services of a chauffeur, the defendant denied the allegations of the complaint, and pleaded a counterclaim for latent defects in the vehicle, necessitating the repairs. Plaintiff, without showing any effort to obtain knowledge from his assignor as to the construction of the locomobile, or from the chauffeur who was in control of it while in defendant's possession, obtained an order for the examination of defendant before trial, to enable him to answer the counterclaim. ·Held, that it did not appear that the examination was necessary and that the application was in good faith.

Appeal from special term.

Action by William F. McNamara against Foxhall P. Keene. From an order denying a motion to vacate an order for the examination of the defendant before trial, the defendant appeals. Reversed.

Argued before SEABURY and DELEHANTY, JJ.

Russell H. Landale (George Gordon Battle, of counsel), for appellant.

Niles & Johnson, for.respondent.

DELEHANTY, J. The complaint herein sets forth four ´causes of action on claims assigned to plaintiff by the Locomobile Company of America for, respectively, goods sold and delivered; money paid for freight, and cartage on same; services and expenses of a chauffeur; and finally for repairs,—all in connection with a locomobile which said company had sold to defendant in August, 1900. The answer consists of a denial, upon information and belief, of the material allegations of the complaint, and a counterclaim for damages suffered by reason of defects in said locomobile. Upon the service of the answer, plaintiff applied for and obtained, ex parte, an order for the examination of defendant, to enable him to plead to the counterclaim and to prepare for trial. Thereafter an order to show cause why said last-named order should not be vacated was obtained, and, upon its return, was denied by the court at special term. It is from that order resettled that this appeal is taken.

The avowed purpose of the examination, as stated, was to enable plaintiff to plead to the counterclaim, and generally to prepare for trial. The statutes and general rules of practice provide for applications of this nature, but the right to obtain relief thereunder depends solely upon the party bringing himself within its provision, or, as was said by Van Brunt, P. J., in Williams v. Folsom, 52 Hun, 68, 5 N. Y. Supp. 211, the applicant must show special circumstances making it important to take the testimony of his adversary before, instead of at, the trial; and that doctrine was reasserted in Jenkins v. Putnam, 106 N. Y. 272, 12 N. E. 613, and Hay v. Zeiger, 50 App. Div. 462, 64 N. Y. Supp. 202. The rule regarding examinations of this nature is addressed to the discretion of the justice entertaining

the application, and, while it is flexible in its nature, there is a certain strictness about its requirements, which, if not complied with, is fatal to the obtaining of relief thereunder. In Sheehan v. Turnpike Co. (Sup.) 8 N. Y. Supp. 14, the general term, Third department, held that the practice of such an examination should be carefully guarded by the court, so that it may not be productive of evil. It is there stated that "when it is evident that the party asking for the examination is sufficiently acquainted with the facts of the case to obtain the proof which he needs, and that in fact he desires the examination only to discover to what his opponent will testify, then the order should not be granted, or, if it has been granted, should be set aside." And again, in Leary v. O'Brien, 33 Misc. Rep. 499, 68 N. Y. Supp. 908, it is held "that it is the duty of the party seeking the examination to set forth in his motion papers a full and frank statement of all the facts and circumstances which will show that an actual necessity exists for the examination of his adversary out of the usual order at the trial."

Applying these authorities to the case under consideration, it is impossible to reach any other conclusion than that the order in question was improperly granted. The allegations of the answer, by way of counterclaim, show that the defendant purchased of plaintiff's assignor a locomobile, which was represented and warranted of ordinarily good quality and character, with no latent defects, and safe for the purpose for which it was sold, namely, an ordinary pleasure vehicle; that defendant relied thereon, and did not then discover any such defects therein; that after said purchase said locomobile proved to be defective and dangerous in many respects, was constantly out of order, utterly worthless for the purposes for which it was intended, and a source of continual annoyance, danger, and expense to defendant, in constantly breaking down, threatening to explode, and requiring incessant repairs; and that finally, on or about December 1, 1900, without any negligence on the part of the defendant, it did explode and burn up, to his damage $550. We think it fairly appears that the answer in this action is interposed in good faith, and that that pleading is susceptible of denial in one of the forms provided by section 514 of the Code; and, with a bill of particulars which would limit the defendant in his proof thereunder, the plaintiff would be amply safeguarded in a trial of the issues thus presented. But the affidavits upon which the application is based fail, in our opinion, to meet the requirements of the statute, which is a necessary condition precedent to the issuance of the order. The application is practically based upon the affidavit of plaintiff, who is the owner of the cause of action by assignment from the Locomobile Company of America, who sold to defendant the machine in question, supplied the repairs to it, and furnished the very chauffeur who drove it, for the value of which repairs and services the action is brought; and yet the examination of defendant is desired before it is apparent that any effort was made by plaintiff to obtain this information from his assignor, who presumably ought to have known all about the machine when sold, or from the chauffeur, who was in control of it,

it seems, during all the time defendant had it, and who naturally should be better posted on the information sought than the defendant himself. If that company or its employés have this knowledge,—and it is nowhere asserted that they have not,—then this order must fail, for the plaintiff in that event stands in no better position than his assignor, who would not be entitled to the relief in view of that circumstance. Dyatt v. Seymour, 13 Civ. Proc. R. 127. Furthermore, it is alleged that this examination is material and necessary for the plaintiff in the prosecution of the action, but it is not alleged, either in substance or effect, that the plaintiff intends to use the evidence upon the trial. However, we prefer to base our decision on the merits of the application, rather than on the insufficiency of the affidavits therefor. The rule is that whenever it appears that the examination of an adversary is material and necessary, and the application is one not for the purpose of extracting evidence from him by unnecessary procedure, and when its good faith cannot be seriously questioned, it is almost a matter of course, under the Code, to direct the examination, in furtherance of justice. Hardy v. Peters, 30 Hun, 80. In our opinion, plaintiff has failed to bring himself within this rule, and it follows, therefore, that the order appealed from should be reversed, and the order for the examination of defendant vacated, with costs and disbursements of the appeal.

Order reversed, with costs and disbursements of appeal.

SEABURY, J., concurs.