## WAGNER v. HAIGHT & FREESE CO.

(Supreme Court, Special Term, Erie County. May 21, 1903.)

1. EXAMINATION BEFORE TRIAL.

The examination of the party before trial is discretionary, and not a matter of right, the necessity for such examination being determined in each case upon its own peculiar circumstances.

2. SAME—MATTERS INCLUDED—PRODUCTION OF BOOKS.

In an action against a stock broker to recover money deposited as margins, in which plaintiff alleged that defendant never bought or sold the stocks as directed, and that statements rendered represented fictitious transactions, and defendant denied these allegations, but refused to divulge the names of the purchasers and sellers of the stocks, plaintiff was entitled to examine defendant before trial as to the prices at which the stocks were bought and sold and as to who were the buyers and sellers, and for the purpose of refreshing the recollection of the persons to be examined was entitled to have defendant's books produced.

Action by Paul A. Wagner against the Haight & Freese Company. On motion by defendant to vacate an order for the examination of certain officers of defendant before trial. Motion denied.

Black, Olcott, Gruber & Bonynge (Terance J. McManus, of counsel), for the motion.
Daniel S. Decker, opposed.

KRUSE, J. The order to examine a party in an action at the instance of his adversary is discretionary, and not a matter of right (Jenkins v. Putnam, 106 N. Y. 272, 12 N. E. 613), and it is now generally required that it be shown that such examination is necessary before the trial (Hay v. Zeiger, 50 App. Div. 462, 64 N. Y. Supp. 202; Williams v. Folsom, 52 Hun, 68, 5 N. Y. Supp. 211; Skinner v. Steele, 88 Hun, 307, 34 N. Y. Supp. 748). It seems, however, that the mere fact that the party to be examined may be present at the trial is not of itself sufficient to refuse the order. Presbrey v. Public Opinion Co., 6 App. Div. 600, 39 N. Y. Supp. 957. The necessity for such examination must necessarily be determined in each case, upon its own peculiar circumstances. In this case the plaintiff seeks to recover for moneys which he deposited with the defendant, a stockbroker, as margins on stock dealings. He contends that the defendant never bought or sold the stocks as it was directed by him to do, but misappropriated and converted the money to its own use; that the statements rendered by it to the plaintiff represented fictitious transactions. This the defendant denies, but it refuses to divulge the names of the purchasers and sellers of the stock, contending that under the contract between the plaintiff and itself it was specifically agreed that the defendant would not be obliged to disclose such names. The plaintiff claims that, although a statement to that effect was contained on the reverse side of the order blank furnished by the defendant to him, yet he had no knowledge of such condition, and did not assent thereto, and that, in any event, the relation existing between himself and the defendant was that of principal and agent, and that the facts regarding the disposition of these moneys are peculiarly and exclusively within the knowledge of the defendant, his agent. Under the circumstances I think the examination should be permitted. Carter v. Good, 57 Hun, 116, 10 N. Y. Supp. 647; Leach v. Haight, 34 App. Div. 522, 54 N. Y. Supp. 550; Talbot v. The Dorin & Wright Co., 18 Civ. Proc. R. 304, 9 N. Y. Supp. 478.

While the conclusion has been reached not to vacate the order, the examination should be limited to the question of the prices at which the stocks were bought or sold by the defendant, and who were the buyers and sellers thereof; and for the purpose of refreshing the recollection of the persons to be examined, and aiding their memory in the oral examination, it seems that it is proper that the books of the defendant should be produced. Duffy v. Consolidated Gas Co., 59 App. Div. 580, 69 N. Y. Supp. 635; Bloodgood v. Slayback, 62 App. Div. 315, 71 N. Y. Supp. 809. The time and place for the examination may be fixed in the order, and, unless agreed upon by the attorneys for the respective parties, may be settled upon five days' notice.