(65 App. Div. 164.)

## CLARK v. ENNIS et al.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

PRACTICE—EXAMINATION OF DEFENDANT — PURPOSE — FRAMING COMPLAINT—
NECESSITY OF EXAMINATION.

On an application for an examination of the defendants for the purpose of enabling plaintiff to frame her complaint, the petition alleged that plaintiff had advanced money to the defendants for the purpose of purchasing certain stocks, and that the action was brought for the delivery of such stocks and bonds, or a return of the money advanced, for which demand had been made and refused. It also alleged, on information and belief, that the defendants had given plaintiff two conflicting statements as to the condition of the account. By affidavit, plaintiff averred that her stocks were sold out without notice to her. *Held*, that the application was properly denied, inasmuch as for the purpose of preparing the complaint it was immaterial whether the stock had been sold or not, providing the sale was unauthorized, and conflicting statements were immaterial, so far as the preparation of the complaint was concerned, it not appearing that the statements had any relation to the purchase.

Patterson, J., dissenting.

Appeal from special term, New York county.

Suit by Ida P. Clark against Thomas A. Ennis and another. From an order denying defendants' motion to vacate an order for the examination of the defendants for the purpose of enabling plaintiff to frame her complaint (71 N. Y. Supp. 943), defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Parker K. Deane, for appellants.

Ellis B. Southworth, for respondent.

INGRAHAM, J. This action was commenced by the service upon the defendants of a summons without a complaint. The plaintiff then presented to the special term her petition, wherein she alleges that the action is brought to recover moneys paid to the defendants by the plaintiff for the purpose and under the express orders to purchase certain stocks and bonds, or for the delivery of said stocks and bonds, or the return of the money so advanced, demand for which has been duly made and refused; that upon information and belief the defendants have given plaintiff two conflicting statements as to the condition of said account, and plaintiff believes that said defendants are maliciously and fraudulently withholding plaintiff's stocks or money and information in reference thereto, and the plaintiff claims that she is entitled to recover damages of the defendants for the conversion of the stocks, or the return of the money so advanced to the defendants as her brokers or agents; that the plaintiff is unable to form her complaint without the knowledge of certain facts, which facts the defendants have refused to give to the plaintiff, after demand having been made therefor; that "the plaintiff is unable to know the exact form of action to bring herein, from the facts within her knowledge, and that the facts which plaintiff wishes to ascertain from this examination are material and necessary for the purpose of forming her complaint herein, as defendants gave plaintiff conflicting statements as to the time when the alleged stocks were sold, and as to what stocks were sold, and plaintiff does not know whether said stocks were ever bought by said defendants, and does not know whether her action will be for the recovery of the money so advanced, or for the delivery of the stocks ordered by her." Annexed to this petition is an affidavit of the plaintiff which reaffirms the allegations of the petition, and upon this petition and affidavit an order was granted requiring the defendants to appear and submit to an examination at the special term for the purpose of enabling the plaintiff to prepare her complaint. Upon affidavits of one of the defendants and one of their employés the defendants moved to vacate this order, and in opposition to that motion an affidavit of the plaintiff was read, in which she stated that "her stocks were sold out without notice to her, and that on that day she paid or caused to be paid one thousand dollars on account of margin, and stood ready and willing to put up further margins upon notice." Upon these papers we think that this examination

was not needed to enable the plaintiff to prepare her complaint. Upon the facts, as stated by her, it is quite apparent that she has a good cause of action to recover the stocks that the defendants had purchased for her, or to recover damages for a conversion of such stocks. She does not dispute but that she ordered the stocks purchased, and that the defendants reported such purchases to her, and the defendants allege that the stocks were purchased for her account. For the purpose of preparing her complaint it is entirely immaterial whether the defendants sold her stock or not, provided such sale was unauthorized. After the case was at issue, the plaintiff might be entitled to an examination of the defendants before trial for the purpose of procuring evidence to be used upon the trial, but it is quite evident that such an examination is not at all necessary to enable her to prepare her complaint. The only allegation that conflicting statements have been made by the defendants is upon information and belief. That conflicting statements as to the condition of her account have been furnished would be entirely immaterial, so far as the preparation of the complaint is concerned, because she nowhere states that such statements had any relation to the purchase of the stocks, her sole cause of action, so far as stated, being to recover either the stock purchased for her account by the defendants, or damages for a conversion of such stocks.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur, except PATTERSON, J., who dissents.