*Municipal Court of the City of Boston*

No. 473673

**CITY OF BOSTON**

v.

**ROSALIE A. CAME**

(Feb. 20 — May 19, 1959)

*Present:* Gillen, J. (Presiding), Riley and Fox, JJ.

Case tried to *Lewiton, J.*

*Gillen, J.* This is an action of tort in which the plaintiff seeks to recover $287.78 for damage to its property, a police car, which was struck by an automobile owned and operated by the defendant on March 24, 1957. The answer is a general denial and contributory negligence.

*At the trial there was evidence tending to show that* the operator of the City of Boston's police car was one Harry Goff, who at the time of the accident was a member of the City of Boston Police Department and operating the cruiser in response to an alarm; that as he approached the intersection of Beech and Orange Streets in Roslindale, the siren of the cruiser had been turned on full blast and continued until the time of the collision; there was evidence that the defendant emerged from Orange Street into the path of the cruiser without having brought her car to a stop from which she could safely see the approach of any on-coming vehicle; that both vehicles immediately thereafter collided in the intersection. There was evidence on which

the court could have found contributory negligence on the part of Goff.

Before the final argument the plaintiff made the following requests for rulings of law; the action of the trial judge is indicated on each request.

1. On all the evidence, the plaintiff is entitled to a finding in its favor. *Denied.*

2. A police car responding to an alarm has the right of way through any street. *Granted, as applied to facts of this case.*

3. It is the duty of the driver of a car to give the right of way to a police car responding to an alarm. *Granted, as applied to facts of this case.*

4. If the Court finds the driver of the police car was not exercising due care, but also finds the defendant operator of the defendant's car was negligent, the municipality may recover for its damages. *Denied.*

The trial judge found both operators negligent and made a finding for the defendant.

The plaintiff claims to be aggrieved by the denial of the trial judge of requests Nos. 1 and 4.

In *Boston v. Guarino* (No. 267817) 65 App. Div. 166, (B.M.C.) (1949) the same question was passed upon that is here raised. There it was held that if the sovereign power elects to initiate litigation against other parties, it should be subject to all of the defenses including that of contributory negligence which are available against a non-governmental plaintiff. *Linsky v. U.S.,* 6 F2d 869; *U.S. v. Moscow Idaho Seed Co.,* 92 F2d 170; *S. v. Kilburn,* 81 Conn. 9; *Anderson,*

*Clayton Co. v. S.,* 122 Tex. 530. No case has been called to the attention of this division in the instant situation that would warrant us in taking a different position than was taken by the Division in *Boston v. Guarino, supra.*

The plaintiff in the instant case claims that even if it could not be held liable in an action brought against it for damages caused by the policeman who operated the vehicle, it should be permitted to recover in the instant suit even if the agent of the municipality was contributorily negligent.

Ordinarily a municipality is not liable for negligence in acts done for the benefit of the public where there is no profit or advantage. *Hill v. Boston,* 122 Mass. 344. This idea is generally held to be an outgrowth of the theory, "The King can do no wrong." Some contend this theory survives only by reason of its antiquity and should be abandoned in a democracy where the sovereign power is in the people.

Government Liability in Tort, Edward M. Borchard, Vol. 34, Yale Law Journal 1.

It has also been held that a municipality is acting for the State and is exercising part of the State's sovereignty and that is the reason for municipal non-liability. *Hill v. Boston, supra.* However, more recent decisions lay the basis for municipal non-liability to be, that a denial of such immunity "would involve the municipality in endless embarrassments and difficulties which would be subversive of public interests." *Galassi Mosaic & Tile Co. v. Boston,* 295 Mass. 544; *Baumgardner v.*

*Boston,* 304 Mass. 100. We feel that by the same token it would be subversive of public interests to permit the municipality to recover against a person where the agent of the municipality is guilty of contributory negligence. When the municipality becomes the plaintiff it waives the defense immunity that the law grants.

It should take the same position as a private litigant in its effort to recover damages and on this level should be subject to all the defenses that a private litigant must meet including contributory negligence. We find no error.

*Report dismissed.*

Lawrence S. Wolk of Boston, for the Plaintiff.
Jordan & Roddy of Boston, for the Defendant.